# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT HALL, | ) | |
| | ) | No. 14-cv-6308 |
| Plaintiff, | ) | |
| | ) | Hon. Matthew F. Kennelly. |
| v. | ) | |
| | ) | |
| ARTHUR FUNK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENDANTS' FAILURE TO COMPLY WITH RULE 26(a)(3) AND THE COURT'S STANDING ORDER**

Jack R. Bierig
Alison R. Leff
Joshua A. Fogarty
Tom Kayes
Peter D. McLaughlin
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jbierig@sidley.com
aleff@sidley.com
jfogarty@sidley.com
tkayes@sidley.com
peter.mclaughlin@sidley.com

*Counsel for Plaintiff*

## INTRODUCTION

Defendants Arthur Funk and Wexford Health Sources, Inc. have now failed to comply with two pretrial deadlines. First, they missed the deadline to serve Rule 26(a)(3) disclosures. On the deadline for those disclosures, they did serve a list of expert witnesses but no other witnesses, no exhibits, and no deposition designations. Second, they ignored the deadline to return their version of the draft pretrial order. Now, just two days before he must file motions in limine and less than 20 days before trial, Plaintiff Lamont Hall still does not know who Defendants will call to testify, which exhibits they will use, which depositions they want to read, or what proposed jury instructions they intend to offer. That is unfair. Plaintiff therefore seeks appropriate sanctions under the Federal Rules.

## BACKGROUND

The parties have known that this case is going to trial in April for a long time. In August of 2017, the Court set the case for trial on April 2, 2018. R. 134, Minute Entry. Recently, the trial date was pushed back one week, to April 9. R. 166, Minute Entry. At the same time, the Court changed the trial date, it set the pretrial conference for April 5 and ordered the parties to lodge the final pretrial order by April 2. *Id*. Those deadlines triggered other deadlines contained in the Federal Rules and the Court's standing order.

Under Rule 26, the parties' pretrial disclosures of witnesses, exhibits, and deposition designations were due on March 9. Fed. R. Civ. P. 26(a)(3)(B) (disclosures due 30 days before trial unless Court orders otherwise). Plaintiff served complete Rule 26(a)(3) disclosures on that date. Ex. A, 3/9/18 Email & Attached Pl.'s Rule 26(a)(3) Discls. Defendants did not. Several hours after Plaintiff served his disclosures, Defendants served a list of witnesses they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Ex. B, 3/9/18 Email

& Attached Defs.' Rule 26(a)(3) Discls. Defendants indicated that they would later provide an exhibit list, deposition designations, and additional witnesses "with Defendants' response to Plaintiff's pretrial order draft, as contemplated by Judge Kennelly's standing order regarding the final pretrial order." *Id*. The Court's standing order, however, does not mention Rule 26(a)(3) or the disclosure obligations it imposes. Ex. C, Standing Order. Plaintiff wrote to Defendants to point this out and to explain how Defendants' disclosure failure prejudiced Plaintiff's ability to prepare a complete draft of the pretrial order. Ex. D, 3/13/18 Email. Defendants did not respond.

Defendants still had not disclosed their complete list of witnesses, exhibits, and designations when it came time for Plaintiff to serve his version of the draft pretrial order on March 12. Plaintiff therefore had to make decisions about witnesses and evidence without the benefit of the disclosures Rule 26(a)(3) obligated Defendants to provide. Plaintiff served its draft pretrial order on the deadline. Ex. E, 3/12/18 Email & Attached Pl.'s Initial Draft of Final Pretrial Order & Proposed Jury Inst.

Per the Court's standing order, Defendants were to return the draft pretrial order on March 19. Ex. C, Standing Order at 4. They did not. Nor did Defendants notify Plaintiff that the draft would be late or seek an extension from the Court. At the time this motion was filed, Defendants still had not served their draft of the pretrial order.

This failure prejudices Plaintiff. Most immediately, the motion in limine deadline is now two days away, on March 22. Plaintiff cannot adequately plan his motions in limine because he does not have the benefit of any complete list of exhibits, witnesses, or deposition designations from Defendants. Further, without Defendants' proposed jury instructions, Plaintiff cannot begin to conduct legal research and plan strategy for meeting those instructions. This is important. While many of the instructions on the constitutional claims are likely to be pattern instructions,

the intentional infliction of emotional distress, damages, and affirmative defense instructions are

not. That Plaintiff must continue all other aspects of trial preparation without any of this

information increases the prejudice.

**ARGUMENT**

**First,** the Court should bar Defendants from calling witnesses not listed on their

incomplete Rule 26(a)(3) disclosure and from introducing any exhibits or deposition testimony

whatsoever. "If a party fails to provide information or identify a witness as required by Rule

26(a) …, the party is not allowed to use that information or witness to supply evidence … at a

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here,

Defendants have failed to provide a complete list of witnesses, exhibits, and deposition

designations as required by Rule 26(a)(3). That failure is not harmless. It has prejudiced

Plaintiff's ability to prepare his draft of the pretrial order, to prepare his motions in limine, and

has necessitated the preparation of this motion, which has taken away from time better spent

preparing for trial.

Nor is the failure justified. The rules are clear and the dates in this case were not a

surprise. Moreover, Plaintiffs failed to respond to a follow up request. Under these

circumstances, exclusion is "automatic and mandatory." *E.g.*, *David v. Caterpillar, Inc.*, 324

F.3d 851, 857 (7th Cir. 2003).

**Second**, the Court should also sanction Defendants for violating its standing order. The

Court's standing order, available on its website, provides the schedule for preparation of the

pretrial order. Defendants violated that schedule by failing to return the draft pretrial order on

March 19. They did so without notice to Plaintiff and without requesting an extension from the

Court. The standing order requires a sanction under these circumstances: "Any non-compliance

with these requirements will subject a party and/or its counsel to imposition of sanctions." Ex. C, Standing Order at 1, 4. Defendants' violation of the Court's standing order not only serves as additional support for the exclusionary sanction required under Rules 26 and 37, it also justifies an additional sanction.

Unless this Court imposes an additional sanction or pushes the trial date, Defendants' failure to abide by the Court's deadlines will reward them by reducing Plaintiff's ability to prepare for and respond to their trial strategy. Since the trial should not be moved (Plaintiff wishes to try this case and the Court's schedule of trials on its MDL will not allow it), an additional sanction should be imposed. Plaintiff respectfully suggests that Defendants should be precluded from proposing jury instructions. They should have done so already. Moreover, although the sanction is severe, Defendants have earned this sanction by failing to comply with two pretrial deadlines without so much as an explanation or a motion for extension of time. Such a sanction will reduce the prejudice to Plaintiff by eliminating the need for Plaintiff to research and respond to Defendants' alternative instructions. Of course, Defendants will retain the ability to object to Plaintiff's instructions.

## SCHEDULING

Plaintiff has noticed this motion for this Thursday, March 22. That is only two business days from the date it will be filed. There is good cause for the Court to hear this motion on two days notice rather than the usual three. First, the next available hearing date is a week from today. Given that trial less than 20 days away, and the impact this motion could have on preparation, there is good cause to hear it on one day less of notice rather than after another week has passed. Second, motions in limine are also due on March 22. How the Court rules on this motion will determine what motions in limine Plaintiff will file and whether Plaintiff will need to

seek permission to file late motions based on late disclosures by Defendant. Third, Plaintiff prepared and filed this motion as quickly as possible to give Defendants as much notice as possible. This motion was filed around 1 p.m., giving Defendants most of a third business day to address it.

## <u>CONCLUSION</u>

The Court should not allow Defendants to violate two pretrial deadlines, both times without asking for an extension or even notifying Plaintiff, without consequence. These deadlines are important. They allow the parties to adequately prepare for trial. The Court should therefore impose the requested sanctions: excluding witnesses, exhibits, deposition testimony not listed on Defendants' defective Rule 26(a)(3) disclosures and prohibiting them from proposing jury instructions. In the alternative, the Court should impose such other and further relief as the Court deems just and appropriate in these circumstances.

Dated: March 20, 2018                                  Respectfully submitted,

                                                        */s/ Tom Kayes*_____
                                                        Jack R. Bierig
                                                        Alison R. Leff
                                                        Joshua A. Fogarty
                                                        Peter D. McLaughlin
                                                        Tom Kayes
                                                        SIDLEY AUSTIN LLP
                                                        One South Dearborn
                                                        Chicago, Illinois 60603
                                                        tel: 312.853.7000
                                                        tkayes@sidley.com
                                                        Attorneys for Plaintiff Lamont Hall

**CERTIFICATE OF SERVICE**

The undersigned certifies that the preceding document was served on all counsel of record via the Court's CM/ECF system on March 20, 2018.

<u>/s/ Tom Kayes</u>