UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 14 CV 6308 |
| | ) | |
| ARTHUR FUNK, M.D.,and | ) | Hon. Matthew F. Kennelly |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE OF APPEAL**

Notice is hereby given that Defendant, Wexford Health Sources, Inc., appeals to the United States Court of Appeals for the Seventh Circuit from this Court's Memorandum Opinion and Order of March 18, 2019 (Dkt. No. 234), the judgment entered by this Court on April 16, 2018 (Dkt. No. 211), all relevant underlying decisions, and all interlocutory orders.

Respectfully submitted,
CUNNINGHAM, MEYER & VEDRINE, P.C.

By: /s/ Chad M. Skarpiak

Michael R. Slovis
Chad M. Skarpiak
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
mslovis@cmvlaw.com
cskarpiak@cmvlaw.com

## Certificate of Service

The undersigned attorney hereby certifies that on April 15, 2019, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Chad M. Skarpiak

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMONT HALL,                   )

                       )

          Plaintiff,     )

      vs.                )     No. 14 CV 6308

                       )

ARTHUR FUNK, M.D., and     )     Hon. Matthew F. Kennelly
WEXFORD HEALTH SOURCES, INC.,  )

                       )

         Defendants.    )

## CIRCUIT RULE 3(C) DOCKETING STATEMENT

Defendant-Appellant, Wexford Health Sources, Inc. ("Wexford"), submits the following Docketing Statement pursuant to Seventh Circuit Rule 3(c):

### I.    District Court Jurisdiction

As Plaintiff's claims arose under 42 U.S.C. § 1983, the District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related Illinois common law claims pursuant to 28 U.S.C. § 1367.

### II.    Appellate Court Jurisdiction

On April 16, 2018, judgment was entered against Wexford with respect to Count 3 of Plaintiff's Amended Complaint pursuant to jury verdict. (Dkt. 211). Judgment also was entered in favor of Wexford on Count 5 and in favor of Defendant, Dr. Funk on Count 1 and 5; Counts 2 and 4 were voluntarily dismissed by Plaintiff. *Id.*

On May 14, 2018, Defendant Wexford timely submitted its motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), or in alternative for a new

trial under Fed. R. Civ. P. 59. (Dkt. 220). The District Court denied Wexford's motion on March 18, 2019. (Dkt. 234). Wexford timely filed its notice of appeal on April 15, 2019. (Dkt. 235); Fed. R. App. P. 4(a)(4)(A) & 4(a)(1). Accordingly, the U.S. Court of Appeals for the Seventh Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1294(1).

### III.   Prior or Related Appellate Proceedings.

There have been no prior or related appellate proceedings in relation to this case.

### IV.   Counsel of Record

Wexford designates as Counsel of Record on Appeal:

> Michael R. Slovis
> CUNNINGHAM, MEYER & VEDRINE, P.C.
> 1 East Wacker Drive, Suite 2200
> Chicago, Illinois 60601
> Tel: (312) 578-0049
> mslovis@cmvlaw.com

### V.   Additional Requirements of Circuit Rule 3(c)(1)

This is a civil case that does not involve a collateral attack on a criminal conviction, and Wexford does not fall under the auspices of 28 U.S.C. § 1915. While Plaintiff asserted claims against Dr. Funk in his individual and official capacities in Count 1, Dr. Funk was awarded judgment on all counts. (Dkt. 211). Accordingly, no party now appears in an official capacity.

Respectfully submitted,

By: /s/ Chad M. Skarpiak
Michael R. Slovis
Chad M. Skarpiak
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
mslovis@cmvlaw.com
cskarpiak@cmvlaw.com

## Certificate of Service

The undersigned attorney hereby certifies that on April 15, 2019, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Chad M. Skarpiak

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1
### Eastern Division

Lamont Hall

                        Plaintiff,

v.                                    Case No.: 1:14–cv–06308
                                    Honorable Matthew F. Kennelly

Stateville Corrections, et al.

                        Defendant.

---

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, April 16, 2018:

      MINUTE entry before the Honorable Matthew F. Kennelly: Further status hearing held. Prior to the trial, plaintiff voluntarily dismissed with prejudice counts 2 and 4 of the amended complaint. Counts 1, 3, and 5 proceeded to trial. The Court has determined to direct the Clerk to enter judgment on the jury's verdict reached on 4/13/2018 and the prior dismissal of claims, as follows: Judgment is entered in favor of defendant Arthur Funk and against plaintiff Lamont Hall on Count 1 of the amended complaint; in favor of defendants Arthur Funk and Wexford Health Sources, Inc. and against plaintiff on Count 5 of the amended complaint; and in favor of plaintiff Lamont Hall and against defendant Wexford Health Sources, Inc. on count 3 of the amended complaint, awarding plaintiff Lamont Hall compensatory damages of $125,000 and punitive damages of $300,000 against defendant Wexford Health Sources, Inc. Counts 2 and 4 of the amended complaint are voluntarily dismissed with prejudice. Mailed notice. (pjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

**Lamont Hall**,

Plaintiff(s),

v.

**Funk, et al.**,

Defendant(s).

Case No.  14 C 6308
Judge Matthew F. Kennelly

## **JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff(s)
and against defendant(s)
in the amount of $     ,

       which ☐ includes     pre–judgment interest.
             ☐ does not include pre–judgment interest.

     Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

     Plaintiff(s) shall recover costs from defendant(s).

---

☐      in favor of defendant(s)
and against plaintiff(s)

.

     Defendant(s) shall recover costs from plaintiff(s).

---

☒      other:  Judgment is entered in favor of defendant Arthur Funk and against plaintiff Lamont Hall on Count 1 of the amended complaint; in favor of defendants Arthur Funk and Wexford Health Sources, Inc. and against plaintiff on Count 5 of the amended complaint; and in favor of plaintiff Lamont Hall and against defendant Wexford Health Sources, Inc. on count 3 of the amended complaint, awarding plaintiff Lamont Hall compensatory damages of $125,000 and punitive damages of $300,000 against defendant Wexford Health Sources, Inc.  Counts 2 and 4 of the amended complaint are voluntarily dismissed with prejudice.

---

This action was *(check one)*:

☒ tried by a jury with Judge Matthew F. Kennelly presiding, and the jury has rendered a verdict.
☐ tried by Judge     without a jury and the above decision was reached.
☐ decided by Judge     on a motion

Date:  4/16/2018                 Thomas G. Bruton, Clerk of Court

                                    Pamela J. Geringer, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **LAMONT HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14 C 6308** |
| ) | |
| **ARTHUR FUNK, M.D. and WEXFORD** ) | |
| **HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Plaintiff Lamont Hall sued Wexford Health Sources, Inc. and Dr. Arthur Funk,

alleging that they violated his constitutional rights and committed intentional infliction of

emotional distress by refusing to authorize surgery to repair a hole in his penis while he

was incarcerated at the Illinois Department of Corrections' Northern Reception and

Classification Center. After a trial, a jury found in favor of Dr. Funk on both the

constitutional and state-law claims but found Wexford liable under *Monell v. Department*

*of Social Services of the City of New York*, 436 U.S. 658 (1978), and awarded Hall

$425,000 in compensatory and punitive damages. Wexford has moved for judgment as

a matter of law or alternatively for a new trial. Hall has moved to recover attorney's fees

and costs.

### Background

In late 2012, Lamont Hall suffered a gunshot wound to his groin and underwent

surgery that left a hole in the underside of his penis. Before Hall's follow-up surgery to

repair the hole, he was arrested and convicted of a criminal offense arising from a separate matter. He was ultimately incarcerated at the Northern Reception and Classification Center (NRC), located at the Stateville Correctional Center. While at the NRC, Hall was required to wash and self-catheterize his penis in front of other inmates, which he says caused him significant embarrassment and emotional distress.

Hall sued Dr. Arthur Funk, a physician at the NRC, alleging that he was deliberately indifferent to Hall's serious medical need in violation of the Eighth Amendment and committed intentional infliction of emotional distress by refusing to authorize surgery to repair his penis. Hall also sued Wexford Health Sources, Inc., the company that contracts to provide medical services at the NRC, alleging, under *Monell*, that Wexford's policy of denying so-called "elective" surgeries violated his constitutional rights.

The case went to trial in April 2018. The jury returned a verdict in favor of Dr. Funk on both counts but found for Hall on his *Monell* claim against Wexford, awarding him $125,000 in compensatory damages and $300,000 in punitive damages. The Court, initially concerned that the verdict was inconsistent, instructed the jurors to continue deliberating, then excused the jury for the weekend. Before the jury was reconvened, however, the Court held oral argument on the propriety of the verdict, reversed its decision, and accepted the verdict.

Wexford has moved for judgment as a matter of law or alternatively for a new trial. Hall has moved to recover attorney's fees and costs. The Court apologizes for its inordinate delay in ruling on these motions.

**Discussion**

Wexford argues that it is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 50 for two reasons: first, there cannot be *Monell* liability without individual liability, and second, the evidence was insufficient to support a finding that Dr. Funk was deliberately indifferent. In the alternative, Wexford has moved for a new trial under Rule 59, arguing that the jury instructions were confusing and that the Court wrongly excluded certain evidence and thereby deprived Wexford of a fair trial.

Finally, Hall has moved for attorney's fees under 42 U.S.C. § 1988 and has submitted a bill of costs. The parties agree on the amount of the attorney's fees, but Wexford objects to the bill of costs on several grounds.

**A.      Motion for judgment as a matter of law**

A court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a); *May v. Chrysler Group, LLC*, 716 F.3d 963, 970-71 (7th Cir. 2013). The court must "review all of the evidence in the record," but in doing so it must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Robinson v. Perales*, 894 F.3d 818, 833 (7th Cir. 2018) (quoting *Reeves v. Sanderson Pluming Prods., Inc.*, 530 U.S. 133, 150-51 (2000)).

Wexford argues that it is entitled to judgment as a matter of law because the jury verdict was inconsistent and the evidence was insufficient to support the verdict.

3

1.      **Consistency of the verdict**

Wexford first argues that the jury verdict is inconsistent as a matter of law.   In

evaluating this argument, the "court must reconcile apparently inconsistent verdicts,

rather than overturn them."  *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir.

2005).  A verdict is inconsistent only if "no rational jury could have brought back the

verdicts that were returned."  *Id.* (internal quotation marks omitted).

At the outset, the Court notes that Wexford cannot support its argument for

judgment as a matter of law by invoking an allegedly inconsistent jury verdict.  "A new

trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in

a case in which the jury has returned inconsistent verdicts."  *Id*.  But whether evaluated

as part of the motion for a new trial or as a basis for judgment as a matter of law,

Wexford's argument fails because the jury's verdict was not inconsistent.

Wexford argues that the jury could not have found it liable after finding in favor of

Dr. Funk.  It cites the Supreme Court's decision in *City of Los Angeles v. Heller*, 475

U.S. 796 (1986), for the proposition that "neither *Monell* . . . nor any other of our cases

authorizes the award of damages against a municipal corporation based on the actions

of one of its officers when in fact the jury has concluded that the officer inflicted no

constitutional harm."  *Id.* at 799.  Wexford maintains that *Heller* is an absolute bar to

liability in this case because the jury's finding in favor of Dr. Funk conclusively shows

that there is no constitutional harm for which Wexford could be liable.

The Seventh Circuit has clarified, however, that *Heller* does not sweep as

broadly as Wexford contends.  In *Thomas v. Cook County Sheriff's Department*, 604

F.3d 293 (7th Cir. 2010), the Seventh Circuit considered whether the county could be

4

held liable even though its individual officers were found not to have committed a constitutional violation. The court rejected the county's argument, calling it "an unreasonable extension of *Heller*." *Id.* at 305. The court held that an entity does *not* escape liability whenever the individual officers are found not liable, but only when those two findings together "would create an *inconsistent* verdict." *Id.* And whether the verdict is inconsistent depends, in turn, on "the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Id.*

*Thomas* establishes that the verdict in this case is consistent. In *Thomas*, as here, the plaintiff alleged that he was unconstitutionally denied medical care, which requires showing both that the plaintiff's medical condition was objectively medically serious and that the defendants acted with a sufficiently culpable state of mind. *Thomas*, 604 F.3d at 305; *see also Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). In this context, "the jury could have found that [the individual defendants] were not *deliberately indifferent* to [the plaintiff's] medical needs, but simply could not respond adequately because of the well-documented breakdowns in the [entity defendant's] policies . . . ." *Thomas*, 604 F.3d at 305. In other words, the two verdicts are not inconsistent because the jury might have concluded that Dr. Funk lacked the requisite mental state for liability but that Wexford's policies were nonetheless responsible for a violation of Hall's constitutional rights.

This conclusion finds further support in *Glisson v. Indiana Department of Corrections*, 849 F.3d 372 (7th Cir. 2017) (en banc). *Glisson* involved a suit under section 1983 alleging that the medical staff and the company providing health services in an Indiana prison were deliberately indifferent to the decedent's serious medical

needs. The district court dismissed the *Monell* claims against the defendant entity after it granted summary judgment in favor of the individual defendant doctors and nurses. The Seventh Circuit reversed, noting that the "case well illustrates why an organization might be liable even if its individual agents are not. . . . [I]f institutional policies are themselves deliberately indifferent to the quality of care provided, institutional liability is possible." *Id.* at 378. *Glisson* therefore clearly establishes that entities may be liable under *Monell*, particularly in the context of denial of medical care, even when the entity's agents have not personally committed a constitutional violation.

Wexford's effort to distinguish *Glisson* is unavailing. First, Wexford's observation that four judges dissented from the *en banc* opinion does not constitute a basis for this Court to disregard recent, binding precedent. In any case, the dissent's dispute with the majority concerned the sufficiency of the *evidence* of the defendant entity's indifference and its causal relationship to the harm—not the underlying premise that the entity may be liable even when individual officers are not. *See id.* at 383 (Sykes, J., dissenting).

Second, Wexford points out that *Glisson* involved multiple individual defendants and an allegation that the entity failed to appropriately coordinate group care. This distinction is similarly immaterial. *Glisson*'s fundamental similarity to this case is simply that "none of the individual providers . . . personally did anything that would qualify as 'deliberate indifference' for Eighth Amendment purposes," *id.* at 375, which is what the jury found here. *See also Miranda v. County of Lake*, 900 F.3d 335, 344 (7th Cir. 2018) (citing *Glisson* for the proposition that "*Monell* liability is possible even if no individual official is found deliberately indifferent"). The Seventh Circuit concluded that notwithstanding a finding in favor of the individual defendants, a reasonable jury

6

nonetheless could have found the entity defendant liable under *Monell*.  The same is true here.

The contrary authority Wexford cites does not undermine the rule in *Thomas* and *Glisson*.  In *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658 (7th Cir. 2016), for example, the Seventh Circuit noted that "if the plaintiff's theory of *Monell* liability rests entirely on individual liability . . . negating individual liability will automatically preclude a finding of *Monell* liability."  *Id.* at 664.  But that observation is entirely consistent with *Thomas* and its application to this case:  what matters is whether the *Monell* claim is fully dependent on the individual claim, or whether it can survive a finding in favor of the individual defendant.  Indeed, the facts of *Whiting* furnish a useful contrast.  There, the plaintiff's theory of *Monell* liability asserted that the individual defendant was acting as the policymaker on behalf of the entity when he committed the alleged harm.  *Id.* at 664.  Under that theory, there could be no *Monell* liability unless the individual defendant is also liable.  But this case presents no such equivalence between the two theories of liability.  Instead, Hall's claim of *Monell* liability rested on evidence that Wexford had a policy or practice of denying surgeries it deemed "elective" irrespective of the patient's medical needs.  The existence of that policy, and the possibility that it caused Hall to be denied necessary medical care, are logically independent of the question of whether Dr. Funk possessed a culpable mental state.

The other Seventh Circuit cases that putatively contradict *Thomas* are distinguishable because they concern allegations of excessive force.  *See Sallenger v. City of Springfield*, 630 F.3d 499 (7th Cir. 2010); *Jenkins v. Bartlett*, 487 F.3d 482 (7th Cir. 2007); *Thompson v. Boggs*, 33 F.3d 847 (7th Cir. 1995).  These cases differ

7

crucially from cases about the denial of medical care because excessive force claims do not have a subjective element. *See McDonald by McDonald v. Haskins*, 966 F.2d 292, 292-93 (7th Cir. 1992) (describing the "purely objective test for excessive force claims"). As explained above, this subjective element—deliberate indifference—constitutes the basis on which the jury reached divergent findings on the liability of Wexford and Dr. Funk. (Concededly, the court in *Sallenger* also dismissed in passing the possibility of *Monell* liability without individual liability in the denial-of-medical-care context. *Sallenger*, 630 F.3d at 505. But that argument was not presented to the court, whereas the contrary holdings of *Thomas* and *Glisson* analyze the issue squarely and in significant detail. *Thomas* and *Glisson* therefore control this case, especially given their factual similarity to the denial of medical care in this action.)

### 2. Consistency with the jury instructions

The jury's verdict also conforms to the instructions. The Court gave the jury the following instructions with respect to counts 1 (the individual constitutional claim against Dr. Funk) and 3 (the *Monell* claim against Wexford):

**First claim – failure to provide medical care (Dr. Funk)**

To succeed on his first claim, which is against Dr. Funk, Mr. Hall must prove each of the following four propositions by a preponderance of the evidence:

1. Mr. Hall had a serious medical need. A serious medical need is a condition that a doctor says requires treatment, or that is so obvious that even someone who is not a doctor would recognize it as requiring treatment.
2. Dr. Funk was aware that Mr. Hall had a serious medical need. You may infer this from the fact that the need was obvious.
3. Dr. Funk consciously failed to take reasonable measures to provide treatment for Mr. Hall's serious medical need. Delaying treatment may constitute a failure to take reasonable measures if the delay unnecessarily prolonged Mr. Hall's pain. In deciding whether Dr. Funk consciously failed to take reasonable measures, you may consider the

8

seriousness of Mr. Hall's medical need, how difficult it would have been for Dr. Funk to provide treatment, and whether Dr. Funk had legitimate reasons related to safety or security for failing to provide treatment.

4. As a result of Dr. Funk's actions or inaction, Mr. Hall was harmed. Mr. Hall may establish this by showing that he suffered prolonged, unnecessary pain.

[. . .]

**Third claim – failure to provide medical care (Wexford)**

To prevail on his third claim, which is against Wexford, Mr. Hall must prove each of the following three propositions by a preponderance of the evidence:

1. Dr. Funk failed to provide medical care to Mr. Hall, as described in the instructions regarding Mr. Hall's first claim.
2. At the time, Wexford had a policy of refusing to allow inmates at the Northern Reception Center (NRC) to receive surgeries deemed to be elective.
3. Wexford's policy caused Dr. Funk to fail to provide medical care to Mr. Hall as described in the instructions regarding Mr. Hall's first claim.

Dkt. no. 207, at 11, 13. Wexford contends that the *Monell* instruction, which refers to the failure "to provide medical care to Mr. Hall as described in the instructions regarding Mr. Hall's first claim," incorporates the requirement that Dr. Funk acted with deliberate indifference. As a result, Wexford argues, the jury instructions prohibited the jury from both finding in favor of Dr. Funk and finding Wexford liable.

This argument mischaracterizes the *Monell* instruction. The reference to count 1 specifically refers to Dr. Funk's conduct—that is, his "failure to provide medical care"— and not to his subjective mental state. By its express terms, the *Monell* instruction required the jury only to find that Dr. Funk failed to provide medical care, and not that he acted with deliberate indifference. It was therefore consistent with this instruction for the jury to find Wexford liable while also finding in favor of Dr. Funk.

Finally, the Court acknowledges that there may be an argument that the *Monell* instruction misstated the law by failing to require the jury to find that Wexford's policies

9

were themselves deliberately indifferent. But Wexford did not raise this objection at trial—indeed it agreed to the *Monell* instruction and did not propose an alternative—and it does not make this objection even now. To the contrary, Wexford argues that *Thomas* does not apply and, by implication, that an instruction based on *Thomas* would have been erroneous. Wexford therefore has waived any issue based on potential error in the *Monell* instruction.

### 3. Sufficiency of the evidence

Wexford also argues that it is entitled to judgment as a matter of law because the evidence presented at trial was insufficient to permit a reasonable jury to find that Dr. Funk had been deliberately indifferent. The cases discussed in the previous section show, however, that this is the wrong question. Dr. Funk's deliberate indifference is not essential to Wexford's liability. For example, the evidence that Wexford contends shows that Dr. Funk's treatment decision was not a substantial departure from accepted medical standards is relevant only to Dr. Funk's alleged deliberate indifference, not to Wexford's liability. *See McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (explaining that the "substantial departure" standard is relevant to determine only whether a defendant medical professional acting in a professional capacity was deliberately indifferent). Wexford's sufficiency argument is therefore best understood simply as another challenge to the consistency of the verdict. Because the Court concludes that the jury's verdict is not inconsistent for the reasons set forth above, Wexford is not entitled to judgment or a new trial on that basis.

### B. Motion for a new trial

In addition to its motion for judgment as a matter of law, Wexford has moved in

the alternative for a new trial.  Federal Rule of Civil Procedure 59 permits the court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  "A new trial should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice of where the verdict, on the record, cries out to be overturned or shocks our conscience."  *Estate of Burford v. Accounting Practice Sales, Inc.*, 851 F.3d 641, 646 (7th Cir. 2017).

### 1.    Confusing jury instructions

Wexford first argues that it is entitled to a new trial because the jury instructions were confusing.  A party who seeks a new trial based on an allegedly faulty jury instruction must show that the "instruction misstates the law in a way that misguides the jury to the extent that the complaining party suffered prejudice."  *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 381 (7th Cir. 2018) (internal quotation marks omitted).  The moving party must show both confusion *and* prejudice; "[e]ven if we believe that the jury was confused or misled, we would need to find that the defendants were prejudiced before ordering a new trial."  *Jimenez v. City of Chicago*, 732 F.3d 710, 717 (7th Cir. 2013).

As a threshold matter, Wexford has waived its objections to the jury instructions by failing to raise them at trial despite being given the opportunity to do so.  Fed. R. Civ. P. 51(c); *Schmitz v. Canadian Pacific Ry. Co.*, 454 F.3d 678, 683 (7th Cir. 2006) ("Rule 51 . . . forecloses a party from claiming instructional error unless he properly objects to the giving or withholding of a requested instruction.")  As explained above, Wexford never objected to the alleged deficiencies in the *Monell* instructions that it argues warrant a new trial; indeed, Wexford agreed to the instruction and did not propose any

alternative.  The Court therefore finds that Wexford has waived these objections.

But even if Wexford had properly objected to the jury instructions, it has not shown that it is entitled to a new trial.  First, even now, Wexford does not argue that the *Monell* instruction was legally erroneous.  Instead, it contends that the instruction was legally accurate but that the jury failed to follow it.  *See* Wexford's Mot., dkt no. 220, at 11.  Without showing that the instruction misstated the law, Wexford cannot prevail on its motion for a new trial.  *See Guzman v. City of Chicago*, 689 F.3d 740, 745 (7th Cir. 2012) ("This inquiry requires us first to determine whether an instruction misstates or insufficiently states the law . . .").

Second, even if the Court were to charitably read Wexford's motion as implicitly alleging error in the *Monell* instruction, Wexford's legal theory is incorrect.  Again, Wexford's contention—its only contention—is that the instruction failed to tie its liability to a finding of individual liability regarding Dr. Funk.  As the Court previously discussed, the Seventh Circuit's decisions in *Thomas* and *Glisson* show that *Monell* liability does not depend on individual liability in this case.  Indeed, *Thomas* and *Glisson* make clear that an instruction tethering Wexford's liability to Dr. Funk's individual liability would have been erroneous.[1]

Third, Wexford argues that the fact that the jury submitted questions to the Court asking to clarify the relationship between the two counts is evidence of confusion.  Although the jury may have been confused initially, the Court's responses to the jury's questions were accurate and appropriate.  The jury's first note stated that they were

---

[1] As the Court previously noted, if there was any error in the *Monell* instruction, it was the failure to instruct the jury on the standard for Wexford's deliberate indifference.  But Wexford did not argue this before, and it does not argue it now.

12

"unable to come to agreement on #3 of the first claim," and that they did not "think [they
could] decide the subsequent claims" until they had done so.  Dkt. no. 214.  In
response, the Court re-read the final instruction and instructed the jury to continue
deliberating.  Trial Tr., dkt. no. 220-4, at 655-56.  The jury's second note asked whether
they could "come to agreement on" the *Monell* claim "[i]f we can't agree on the first
claim."  Dkt. no. 215.  In response, the Court wrote a note stating that it could not give
further instructions on that question and asking the jurors to rely on the instructions they
had already been given.  *Id.*  Because the original instructions accurately reflected that
Wexford could be liable independently of Dr. Funk's liability, the Court's responses
referring the jury to the original instructions were appropriate.  *See United States v.
Mealy*, 851 F.2d 890, 902 (7th Cir. 1988) ("If the original jury charge clearly and
correctly states the applicable law, the judge may properly answer the jury's question by
instructing the jury to reread the instructions.").

After the jury returned its verdict, the Court initially believed the verdict was
inconsistent, told the jury this, and instructed the jury to continue deliberating.  Trial Tr.,
dkt. no. 220-4, at 673.  Shortly thereafter, the jury submitted its final note, which stated,
"Page 9 says, you must consider each claim separately, which is what we did, separate
defendants, and we found against Wexford but not Funk.  Why is this not okay?"  *Id.* at
674.  This note suggests that the jury correctly understood that counts 1 and 3 were
independent of one another and that Wexford's liability did not depend on Dr. Funk's
liability.

Finally, even if the jury's questions evince some degree of confusion on the part
of some jurors, for the reasons previously discussed, Wexford has not shown that it was

13

prejudiced by the misstatement of the law it claims: under the law as it applied in this case, Wexford's liability did not depend on Dr. Funk's individual liability. Confusion without prejudice does not warrant a new trial. *Jimenez*, 732 F.3d at 717.

## 2. Evidentiary arguments

Wexford also argues that a new trial is required because of the Court's decision to exclude certain evidence. When considering evidence that was allegedly wrongfully excluded, a "new trial is warranted only if the error has a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice." *Burton v. City of Zion*, 901 F.3d 772, 776 (7th Cir. 2018) (internal quotation marks omitted). The party seeking a new trial must "show that an average juror would have found the omitted evidence persuasive." *Id.* If the evidentiary rulings do not warrant a new trial when considered individually, they may nonetheless justify a new trial based on "cumulative prejudice," which "occurs when (1) . . . multiple errors occurred at trial; and (2) those errors, in the context of the entire trial, were so severe as to have rendered the trial fundamentally unfair." *Thompson v. City of Chicago*, 722 F.3d 963, 979 (7th Cir. 2013) (internal quotation marks omitted) (alteration in original).

### a. Felony conviction

Wexford argues that it should have been permitted to introduce evidence that Hall was in prison in connection with a firearm-related felony. This argument is unpersuasive given that the Court permitted Wexford to introduce evidence that Hall was a parole violator who was in prison for a felony at all relevant times. To the extent that Wexford objects to Hall's attorneys characterizing him as a "victim of happenstance," Wexford's Mot., dkt. no. 220, at 14, the evidence that he was in prison

14

because he committed a felony suffices to rebut that inference. The Court admitted the relevant part of the evidence, which was sufficient to prevent any prejudice to the Wexford.

Wexford further argues, however, that the *nature* of the conviction had special importance because it "provides a window into Hall's mind; specifically, the weight and importance that he placed upon the second-stage surgery to correct the defect, and the alleged emotional state he was in." Wexford's Reply Br., dkt. no. 227, at 8. But Wexford has failed to explain what is uniquely significant about the fact that Hall was in prison on a firearms conviction, and the suggestion that the nature of his felony has any bearing on his view of the importance of the surgery is speculative and unsupported. More plausible is that Wexford hoped to introduce this evidence to imply that Hall had a character for criminality. As this Court noted in an earlier ruling, this evidence is "irrelevant and grossly and unfairly prejudicial," Order of April 7, 2018, dkt. no. 199, at 6, and its exclusion does not warrant a new trial.

**b.    Self-inflicted wound**

Wexford also argues that it is entitled to a new trial because the Court excluded evidence that Hall's gunshot wound was self-inflicted. Wexford asserts that this evidence would have shown that Hall did not primarily suffer embarrassment because of the hole in the base of his penis that required him to self-catheterize in front of other prison inmates every day, but because he shot himself.

This argument lacks any evidentiary basis. First, Wexford cites the following deposition testimony:

> Q:    Sure. Were they ridiculing you because you had shot yourself or were they ridiculing you because of the catheterization?

15

[objections omitted]

A:      What I am sure of, they was harassing me and stuff due to the fact that I had to self-catheterize and sit and use it as a woman.  And, you know, they was making all type of disturbing remarks.

Hall Dep., dkt. no. 220-6, at 60:1-8.  Wexford presents this testimony as evidence that Hall was embarrassed by having shot himself, but it plainly says the opposite.  In its reply brief, Wexford reframes its argument to assert that because Hall failed to say that the inmates did not know that he had shot himself (information the question did not ask for), the other inmates must have known, and therefore they must have made fun of him for that reason.  In fact, Hall expressly identified the cause of his harassment and embarrassment, which was that he had to self-catheterize.  Any other inferences from this testimony are wildly speculative at best.

Second, Wexford cites the deposition testimony of Dr. Tiger Devore, an expert witness for the plaintiff, that a self-inflicted gunshot wound would produce a different emotional response than being shot by someone else.  It argues that cross-examining Dr. Devore about the psychological effect of a self-inflicted gunshot wound would have undermined Dr. Devore's conclusions about the cause of his psychological harm.  In fact, Wexford did cross-examine Dr. Devore about Hall's preexisting psychological issues and argued in its closing that these factors caused his psychological injuries.  Wexford offers no explanation or evidence suggesting that excluding the self-inflicted nature of the wound had a substantial and injurious effect on the jury's determination.

As the Court noted in an earlier ruling, the evidence that the gunshot wound was self-inflicted "is entirely irrelevant regarding what medical treatment was or was not appropriate," and its admission would work "unfair prejudice" that "far outweighs any minuscule probative value it might have."  Order of April 7, 2018, dkt. no. 199, at 6.

16

Considering this substantial risk of unfair prejudice, even if the evidence that the wound is self-inflicted were probative, Wexford has failed to explain why excluding that evidence was so injurious as to be "inconsistent with substantial justice." *Burton*, 901 F.3d at 776.

Finally, even if the Court were to find that excluding both pieces of evidence—the nature of Hall's felony conviction and the self-inflicted gunshot wound—was erroneous, their exclusion, considered together, does not constitute "cumulative prejudice" sufficient to "render[] the trial fundamentally unfair." *Thompson*, 772 F.3d at 979.

## C.  Attorney's fees and bill of costs

Having concluded that Wexford is not entitled to a new trial or judgment as a matter of law, the Court turns to Hall's motion for attorney's fees and bill of costs.

### 1.  Attorney's fees

In an action under 42 U.S.C. § 1983, the district court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b); *Capps v. Drake*, 894 F.3d 802, 804 (7th Cir. 2018).  The starting point for determining a reasonable attorney's fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Thorncreek Apartments III., LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018).  In cases brought by a prisoner, however, the attorney's fee is limited by statute in two respects.  First, the total fee may not exceed 150% of the damages award.  42 U.S.C. § 1997e(d)(2).  Second, the prisoner's attorney must recover 25% of the fee award from their client's judgment.  *Id*.

Hall has moved to recover $531,250 in attorney's fees.  Because Hall was awarded $425,000, this amount complies with 42 U.S.C. § 1997(d)(2) because it equals

17

150% of the damages award less 25%. Wexford does not dispute that a fee of $531,250 is permitted under the statute.

Wexford also agrees that the requested attorney's fee is reasonable given the significant number of hours Hall's attorneys invested in this case over the past three years. Hall has submitted timesheets showing that the attorneys, paralegals, and project assistants working on his case billed nearly 5,000 hours at a total value exceeding $3 million. The Court need not determine whether $3 million is a reasonable fee because it is almost six times the statutory maximum that Hall is permitted to recover. The Court finds that Hall's requested fee is reasonable and awards an attorney's fees in the amount of $531,250.

### 2. Bill of costs

Federal Rule of Civil Procedure 54 instructs that "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). By statute, recoverable costs include (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for copies necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; *Republic Tobacco Co. v. N. Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). The losing party bears the burden of showing that taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Hall's bill of costs claimed $30,601.49 in expenses, of which Wexford disputes $14,216.64.

### a.    Service of summons and subpoenas

First, Wexford objects to $1,245 in costs for the service of subpoenas. It argues that because Hall used a special process server (instead of serving subpoenas by certified mail) and has not demonstrated the necessity of doing so, he may not recover any of those costs. Second, Wexford argues that Hall may only recover trial subpoena costs for witness who testified at trial, and that the subpoena costs for several non-testifying witnesses must be denied as unnecessary.

Hall is entitled to recover the full $1,245 in subpoena service costs. Costs arising from the use of special process servers are recoverable so long as they do not exceed the rate that the U.S. Marshals Service would have charged. *Hillman v. City of Chicago*, No. 04-CV-6671, 2017 WL 3521098, at *9 (N.D. Ill. Aug. 16, 2017) (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). Hall's bill of costs satisfies this requirement because it charges the lesser of the U.S. Marshals Service's rate and the actual amount paid to the process servers. *See* Pl.'s Ex. A., Summ. of Costs, dkt. no. 229-1, at 1. And Hall is not limited to recovering service fees for witnesses who testified at trial; he may recover the costs of serving subpoenas to any witnesses whose testimony was "necessary at the time [it was] sought." *Ayala v. Rosales*, No. 13-CV-04425, 2016 WL 2659553, at *3 (N.D. Ill. May 9, 2016). Hall argues that he listed all the subpoenaed witnesses on his pretrial disclosures and intended to call them at trial. Wexford's conclusory allegation that these witnesses were "unnecessary" does not satisfy its burden to show that the service costs are inappropriate.

### b.    Transcripts

Hall seeks $18,097.06 for the costs of obtaining deposition and trial transcripts.

19

Wexford objects only to certain costs associated with deposition transcripts. It argues that some categories of expenses—that is, the costs of video recordings, court reporter attendance fees, deposition exhibits, and delivery, shipping, and handling—are non-recoverable. It also argues that Hall's per-page rate improperly exceeds the limits imposed by the fee schedule of the United States Judicial Conference in violation of Northern District of Illinois Local Rule 54.1(b).

With several exceptions, Wexford's objections to the transcript costs are generally unfounded. First, comparing the invoices to Hall's schedule of costs reveals that Hall is not seeking to recover the costs of conducting or obtaining video recordings. *See* Pl.'s Ex. A, Summ. of Costs, dkt. no. 229-1, at 1-2; Pl.'s Ex. B, Dep. & Trial Tr. Invoices, dkt. no. 229-2.

Second, it is simply untrue as a matter of law that Hall may not recover the attendance fee or the cost of obtaining deposition exhibits. The Seventh Circuit has held that the district court has discretion to award costs "'incidental' to the taking of the depositions, . . . such as per diem and delivery charges by the court reporter." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). And "[c]ourts in this district have found costs associated with deposition exhibits taxable on the ground that exhibits are essential to understanding the content of a deposition, especially in a complex and heavily litigated case." *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *14 (N.D. Ill. Mar. 23, 2018) (internal quotation marks omitted). Though deposition exhibits are non-recoverable when the party was already in possession of those exhibits, *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998), Wexford has not shown or even alleged that Hall was already had the exhibits in

question.

Third, Wexford is mistaken about the nature of Hall's requested transcript costs. A review of Hall's invoices and the schedule of costs reveals that, in general, Hall has properly adjusted those costs to align with the United States Judicial Conference schedule of costs by calculating an adjusted total using the maximum allowed per-page rate of $3.65 for original transcripts.  *See* Pl.'s Ex. A, Summ. of Costs, dkt. no. 229-1, at 1-2; Pl.'s Ex. B, Dep. & Trial Tr. Invoices, dkt. no. 229-2; U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited Mar. 11, 2019).

Hall's request includes a few errors, however.  The schedule for the deposition transcripts of Hall, Allen Chernoff, Tiger Devore, and Jaclyn Milose improperly request a per-page rate of $3.65, even though this is the authorized rate for original transcripts and Hall's attorneys obtained copies.  Adjusting the costs for those transcripts according to the $.90-per-page rate for copies yields a total combined cost of $648.00 for those four transcripts, rather than the requested $2,066.99.  But Hall also under-charged for the deposition transcript of David Mathis because of an apparent typographical error. The requested cost of that transcript—$8.69—should instead be $868.70.

Hall also improperly requests court reporter attendance fees that exceed the maximum rates set by the Clerk, which are "$110 for one half day (4 hours or less), and $220 for a full day attendance fee."  Northern District of Illinois, Transcript Rates, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates (last visited Mar. 11, 2019).  Adjusting the requested attendance fees to conform to these rates reduces the cost from $3,250 to $1,870.

Finally, Wexford is correct that a plaintiff generally may not recover the "costs associated with delivering, shipping, or handling transcripts," which "are typically non-recoverable ordinary business expenses." *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016). Because Hall has not shown that the shipping and handling costs associated with the deposition transcripts are reasonable and necessary, rather than simply for his attorneys' convenience, he is not entitled to $329.50 in delivery costs.

After correcting Hall's per-page and court reporter attendance rates to conform to the applicable fee schedules and deducting the costs for shipping and handling, the Court concludes that Hall is entitled to $14,409.59 for the total cost of transcripts.

### c. Printing, duplication, and data

Hall claims $9,608.96 in expenses related to printing, duplication, and data. Wexford objects to that entire amount, arguing that Hall has not adequately demonstrated the necessity of each of the expenses.

A party seeking to recover printing and data costs need provide only "the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The Seventh Circuit has held in an analogous context that an affidavit attesting to the necessity of the costs is sufficient. *Nat'l Org. for Women v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014) (observing that "[n]o sensible legal system requires parties to waste $60 of lawyers' time to explain spending $6 on making a copy of something"). But a court cannot award any copying costs "unless it has some confidence that the costs are, in fact, recoverable, reasonable, and not incurred merely for the convenience of counsel." *Springer*, 2018

22

WL 1453553, at *17.

The breakdown Hall attached to his bill of costs is deficient because it does not specify the purpose of each expense, and Hall's attorneys have not submitted an affidavit attesting to their necessity. Without this information—or at least one or the other—the Court cannot verify the propriety of the printing costs to ensure that they are not duplicative or solely for the attorneys' convenience. Hall has attempted to shore up his request by submitting an additional summary of the printing and data invoices that ties each expenditure to a corresponding phase of the litigation. *See* Pl.'s Ex. 1, Add'l Summ. of Pl.'s Invoices for Printing & Copying Costs, dkt. no. 231-1. But this supplemental exhibit also lacks appropriate verification, and it does not offer any means of vetting the necessity of the costs.

Without providing evidence that the costs were necessary, Hall cannot recover full amount requested for printing, duplication, and data costs. Given the history of this case, the Court concludes that Hall's request for $9,608.96 in costs for printing, duplication, and data is excessive. The Court will award $3,202.99 in printing costs, or one-third of the requested amount.

### d. Witness expenses

Wexford's final objection to the bill of costs concerns the witness fees for Allen Chernoff, Ervin Kocjancic, Anna McBee, and Rose Perry. It argues that because those witnesses did not testify, Hall may not recover the corresponding witness fees. First, Wexford is mistaken with respect to Perry, who did in fact testify. Second, witness fees are recoverable as long as the "witness's attendance was reasonably expected to be necessary, and if that witness was ready to testify." *Huerta v. Village of Carol Stream*,

23

No. 09 C 1492, 2013 WL 427140, at *4 (N.D. Ill. Feb. 4, 2013). Hall argues that these witnesses were listed on his pretrial disclosures and that he intended to call them; Wexford has not shown otherwise. Hall is entitled to the requested $433.52 in witness fees.

## Conclusion

For the foregoing reasons, the Court denies defendant Wexford's motion for judgment as a matter of law or a new trial [dkt. no. 220]. The Court grants plaintiff's motion for attorney's fees of $531,250 and also awards plaintiff costs in the amount of $20,508.05 [dkt. nos. 228, 229].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 18, 2019

24

Case: 1:14-cv-06308 Document #: 238 Filed: 04/15/19 Page 32 of 59 PageID #:5762

APPEAL,COX,HABEAS,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.2.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:14-cv-06308
## Internal Use Only

Hall v. Funk

Assigned to: Honorable Matthew F. Kennelly

Demand: $9,999,000

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/14/2014

Date Terminated: 04/16/2018

Jury Demand: Both

Nature of Suit: 555 Civil Rights (Prison Condition)

Jurisdiction: Federal Question

**Plaintiff**

**Lamont Hall**     represented by     **Jack R. Bierig**
Schiff Hardin LLP
233 South Wackr Drive
Suite 7100
Chicago, IL 60602
(312) 258-5511
Email: jbierig@schiffhardin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison R Leff**
Loevy & Loevy
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
(312) 243-5900
Email: alison@loevy.com
*ATTORNEY TO BE NOTICED*

**John O. Leahy**
Butler Rubin Saltarelli & Boyd LLP
321 N. Clark Street
Suite 400
Chicago, IL 60654
(312) 444-9660
Email: jleahy@butlerrubin.com
*TERMINATED: 03/16/2017*

**Joshua Alexander Fogarty**
Sidley Austin Llp

1 S. Dearborn St.
Chicago, IL 60603
(312) 853-0634
Email: jfogarty@sidley.com
*ATTORNEY TO BE NOTICED*

**Peter D. Mclaughlin**
Sidley Austin Llp
1 S. Dearborn
Chicago, IL 60603
(312) 853-3772
Email: peter.mclaughlin@sidley.com
*ATTORNEY TO BE NOTICED*

**Tom Kayes**
Keller Lenkner LLC
150 N. Riverside Plaza
Chicago, IL 60606
3127415220
Email: tk@kellerlenkner.com
*TERMINATED: 05/30/2018*

**Veena K Gursahani**
Sidley Austin LLP
1 S. Dearborn
Chicago, IL 60603
(312) 853-7883
Email: vgursahani@sidley.com
*TERMINATED: 08/22/2017*

V.

**Defendant**

**Stateville Corrections**
*(Idoc)*
*TERMINATED: 09/23/2014*

**Defendant**

**Diane Schwarz**                    represented by   **Michael R. Slovis**
*Dr.*                                          Cunningham, Meyer & Vedrine
One East Wacker Drive
#2200
Chicago, IL 60601
(312)578-0049
Email: mslovis@cmvlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kipp B. Cornell**
Cunningham, Meyer & Vedrine
One East Wacker
Suite 2200
Chicago, IL 60601
312-578-0049
Email: kcornell@cmvlaw.com
*ATTORNEY TO BE NOTICED*

**Peter James Strauss**
Cunningham, Meyer & Vedrine
One East Wacker Drive
Suite 2200
Chicago, IL 60601
(312) 578-0319
Email: pstrauss@cmvlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Funk**             represented by    **Michael R. Slovis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kipp B. Cornell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter James Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wexford Health Source**       represented by    **Kipp B. Cornell**
*TERMINATED: 09/23/2014*                      (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Micheal Lemke**         represented by    **Emma Dorothy Steimel**
Illinois Attorney General
100 W. Randolph
13th Floor
Chicago, IL 60601
(312) 814-2035
Email: esteimel@atg.state.il.us

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeanne N. Brown**
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
(312) 814-4491
Email: jebrown@atg.state.il.us
*TERMINATED: 04/19/2016*
*LEAD ATTORNEY*

**Thor Yukinobu Inouye**
Illinois Attorney General's Office
100 W. Randolph Street
Chicago, IL 60601
312 814-1670
Email: tinouye@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erin Rachel Gard**
Illinois Attorney General's Office
General Law Bureau
100 W. Randolph Street
13th Floor
Chicago, IL 60601
(312) 814-5163
Email: egard@atg.state.il.us
*TERMINATED: 03/07/2016*

**Defendant**

**Arthur Funk, M.D.**          represented by  **Chad Michael Skarpiak**
Cunningham, Meyer & Vedrine, P.C.
One E. Wacker Drive, Suite 2200
Chicago, IL 60601
(312) 578-0049
Email: cskarpiak@cmvlaw.com
*ATTORNEY TO BE NOTICED*

**Kipp B. Cornell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Service List**          represented by  **Illinois Department of Corrections**
100 West Randolph, Suite 4-200
Chicago, IL 60601

Email:
DOC.ILNDNotices@doc.illinois.gov
*ATTORNEY TO BE NOTICED*

**Prisoner Correspondence - Internal Use Only**
Email: Prison3_ILND@ilnd.uscourts.gov
*TERMINATED: 12/02/2014*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/2014 | 1 | Entered in error. (Entered: 08/18/2014) |
| 08/14/2014 | 3 | RECEIVED Complaint and 5 copies by Lamont Hall; (Envelope not postmarked). (sxw, ) (Additional attachment(s) added on 9/3/2015: # 1 Envelope) Docket text modified by Clerk's Office on 9/3/2015. (mmy, ). (Entered: 08/18/2014) |
| 08/14/2014 | 4 | CIVIL Cover Sheet. (sxw) (Entered: 08/18/2014) |
| 08/14/2014 | 5 | APPLICATION by Plaintiff Lamont Hall for leave to proceed in forma pauperis; (Exhibits). (sxw, ) (Entered: 08/18/2014) |
| 08/14/2014 | 6 | MOTION by Plaintiff Lamont Hall for attorney representation. (sxw, ) (Entered: 08/18/2014) |
| 08/18/2014 | 2 | NOTICE of Correction regarding received complaint 1 . (sxw, ) (Entered: 08/18/2014) |
| 09/23/2014 | 7 | ORDER: The Court grants Plaintiff's application to proceed in forma pauperis [#5] and orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.48 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. However, Defendant Stateville Corrections, Wexford Health Sources, and MichaelLemke are dismissed as Defendants. The Clerk is directed to: (1) send a copy of this order to the trust fund officer at the Cook County Jail; (2) issue summonses for service on Defendants Dr. Diane Schwarz and Dr. Funk by the U.S. Marshal; and (3) sendPlaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order; and (4) mail Plaintiff five blank USM-285 (Marshals service) forms. Signed by the Honorable Matthew F. Kennelly on 9/23/2014. Mailed notice (sxw) (Entered: 09/24/2014) |
| 09/23/2014 | 8 | COMPLAINT filed by Lamont Hall; Jury Demand.(sxw) (Entered: 09/24/2014) |
| 09/23/2014 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiff Lamont Hall for attorney representation 6 (sxw, ) (Entered: 10/31/2014) |
| 09/24/2014 | | SUMMONS Issued along with USM 285 form(s), copy of the complaint and certified copy of order dated 09/23/2014 to the U.S. Marshal's Office as |

| | | |
|---|---|---|
| | | to Defendants Dr. Funk & Diane Schwarz via e-mail. (sxw) (Entered: 09/24/2014) |
| 09/24/2014 | | MAILED Copy of Order dated 09/23/2014, Magistrate Consent Form, Instructions for Submitting Documents, and five blank USM-285 (Marshal's service) forms to Plaintiff. Additionally, copy of order dated 09/23/2014 to the Trust Fund Officer at the Cook County Jail. (sxw) (Entered: 09/24/2014) |
| 10/03/2014 | 🔒 9 | (Court only) RECEIVED USM-285 form for defendant(s) Dr. Diane Schwarz & Dr. Funk (Attachments: # 1 USM-285)(as, ) (Entered: 10/08/2014) |
| 11/04/2014 | 12 | WAIVER OF SERVICE returned executed 10/30/2014 by U.S. Marshal's Service as to Dr. Funk; waiver sent on 10/27/2014, answer due 12/26/2014; (Attachments: # 1 Return of Service)(sxw) (Entered: 11/07/2014) |
| 11/04/2014 | 13 | WAIVER OF SERVICE returned executed 10/30/3014 by U.S. Marshal's Service as to Diane Schwarz; waiver sent on 10/27/2014, answer due 12/26/2014. (Attachments: # 1 Return of Service).(sxw) (Entered: 11/07/2014) |
| 11/05/2014 | 10 | ATTORNEY Appearance for Defendants Dr. Funk, Diane Schwarz by Michael R. Slovis (Attachments: # 1 Certificate of Service)(Slovis, Michael) (Entered: 11/05/2014) |
| 11/06/2014 | 11 | ATTORNEY Appearance for Defendants Dr. Funk, Diane Schwarz by Peter James Strauss (Attachments: # 1 Certificate of Service)(Strauss, Peter) (Entered: 11/06/2014) |
| 12/02/2014 | 14 | ORDER: At its own instance, the Court reconsiders its September 23, 2014, order denying Plaintiff's motion for attorney representation 6 . In light of his appointment to represent Plaintiff in Hall v. Cook County, et al., 14 C 7887 (N.D. Ill.) (Kennelly, J.), and given the potential overlap between that case and this one, the Court appoints Jack R. Bierig of Sidley Austin LLP, One South Dearborn Street Chicago, Illinois 60603, to also represent Plaintiff in this case, in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel should determine whether amendment of either or both complaints is appropriate and whether they should proceed as a single case, two consolidated cases, or two separate cases. A status hearing is scheduled for 1/8/2015 at 9:30 a.m. Signed by the Honorable Matthew F. Kennelly on 12/2/2014. Mailed notice (sxw) (Entered: 12/02/2014) |
| 12/03/2014 | 18 | MOTION for Attorney Representation by Plaintiff Lamont Hall. (sxw) (Entered: 12/09/2014) |
| 12/03/2014 | 19 | WAIVER OF SERVICE as to Dr. Funk returned executed on 10/27/2014; (Attachments: # 1 Waiver of Service of Summons as to Dr. Diane Schwarz returned executed on 10/27/2014). (sxw) (Entered: 12/09/2014) |

| 12/04/2014 | 15 | ATTORNEY Appearance for Plaintiff Lamont Hall by Jack R. Bierig (Bierig, Jack) (Entered: 12/04/2014) |
|---|---|---|
| 12/04/2014 | 16 | ATTORNEY Appearance for Plaintiff Lamont Hall by Veena K Gursahani (Gursahani, Veena) (Entered: 12/04/2014) |
| 12/08/2014 | 17 | ATTORNEY Appearance for Plaintiff Lamont Hall by John Ori Leahy (Leahy, John) (Entered: 12/08/2014) |
| 01/05/2015 | 20 | STATUS Report by Lamont Hall (Bierig, Jack) (Entered: 01/05/2015) |
| 01/08/2015 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiff Lamont Hall for attorney representation 18 (pjg, ) (Entered: 01/08/2015) |
| 01/08/2015 | 21 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 1/8/2015 and continued to 3/23/2015 at 9:00 a.m. Plaintiff has until 2/27/2015 to file an amended complaint potentially naming additional parties. Mailed notice. (pjg, ) (Entered: 01/08/2015) |
| 02/13/2015 | 22 | MOTION by Plaintiff Lamont Hall for order *Directing Stateville Correctional Center To Produce Requested Records*, MOTION by Plaintiff Lamont Hall for extension of time to file *Amended Complaints* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bierig, Jack) (Entered: 02/13/2015) |
| 02/13/2015 | 23 | NOTICE of Motion by Jack R. Bierig for presentment of motion for order,, motion for extension of time to file, 22 before Honorable Matthew F. Kennelly on 2/20/2015 at 10:00 AM. (Bierig, Jack) (Entered: 02/13/2015) |
| 02/20/2015 | 24 | *Re*- NOTICE of Motion by Jack R. Bierig for presentment of motion for order, motion for extension of time to file,, 22 before Honorable Matthew F. Kennelly on 2/27/2015 at 10:00 AM. (Bierig, Jack) (Entered: 02/20/2015) |
| 02/20/2015 | 25 | MOTION by Plaintiff Lamont Hall for order *DIRECTING STATEVILLE CORRECTIONAL CENTER TO PRODUCE REQUESTED RECORDS* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bierig, Jack) (Entered: 02/20/2015) |
| 02/20/2015 | 26 | NOTICE of Motion by Jack R. Bierig for presentment of motion for order 25 before Honorable Matthew F. Kennelly on 2/27/2015 at 10:00 AM. (Bierig, Jack) (Entered: 02/20/2015) |
| 02/20/2015 | 27 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held on 2/20/2015 regarding motion for order, motion for extension of time to file, 22 . Motion is entered and continued to 2/27/2015 at 10:00 a.m. and is to be re-noticed. The deadline for filing an amended compliant is extended to 3/30/2015. Mailed notice. (pjg, ) Modified on 2/23/2015 (pjg, ). (Entered: 02/23/2015) |
| 02/27/2015 | 28 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held on 2/27/2015. Motion for order 22 and motion for extension of time to file 22 are entered and continued. The deadline to file an amended complaint is extended to 4/17/2015. The status hearing set for 3/23/2015 is |

| | | |
|---|---|---|
| | | vacated and reset for 4/22/2015 at 9:30 a.m. Mailed notice. (pjg, ) (Entered: 02/27/2015) |
| 04/17/2015 | 29 | *First* AMENDED complaint by Lamont Hall against Micheal Lemke, Wexford Health Source, Arthur Funk, M.D. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2)(Bierig, Jack) (Entered: 04/17/2015) |
| 04/20/2015 | | SUMMONS Issued as to Defendants Micheal Lemke, Wexford Health Source (daj, ) (Entered: 04/20/2015) |
| 04/20/2015 | 30 | MOTION by Plaintiff Lamont Hall for leave to file *exhibits under seal* (Bierig, Jack) (Entered: 04/20/2015) |
| 04/20/2015 | 31 | *Plaintiff's* NOTICE of Motion by Jack R. Bierig for presentment of motion for leave to file 30 before Honorable Matthew F. Kennelly on 4/22/2015 at 09:30 AM. (Bierig, Jack) (Entered: 04/20/2015) |
| 04/22/2015 | 32 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing and motion hearing held on 4/22/2015. Motion for leave to file exhibits under seal 19 is granted. The un-redacted version of exhibit 1-B to the first amended complaint may be filed under seal. Status hearing set for 6/10/2015 at 9:30 AM. Mailed notice. (pjg, ) (Entered: 04/22/2015) |
| 04/22/2015 | 33 | SEALED EXHIBIT by Plaintiff Lamont Hall regarding amended complaint 29 (Attachments: # 1 Exhibit 1 Physicians Report)(Bierig, Jack) (Entered: 04/22/2015) |
| 05/08/2015 | 34 | SUMMONS Returned Executed by Lamont Hall as to Micheal Lemke on 4/27/2015, answer due 5/18/2015. (Bierig, Jack) (Entered: 05/08/2015) |
| 05/11/2015 | 35 | ATTORNEY Appearance for Defendants Dr. Funk, Arthur Funk, M.D., Diane Schwarz by Kipp B. Cornell (Attachments: # 1 Certificate of Service)(Cornell, Kipp) (Entered: 05/11/2015) |
| 05/18/2015 | 36 | WAIVER OF SERVICE returned executed by Lamont Hall. Wexford Health Source waiver sent on 5/11/2015, answer due 7/10/2015. (Bierig, Jack) (Entered: 05/18/2015) |
| 06/08/2015 | 37 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the time for the 6/10/2015 status hearing is moved to 1:30 PM. Mailed notice. (pjg, ) (Entered: 06/08/2015) |
| 06/09/2015 | 38 | ATTORNEY Appearance for Defendant Micheal Lemke by Jeanne Nadine Brown *Office of the Illinois Attorney General* (Brown, Jeanne) (Entered: 06/09/2015) |
| 06/10/2015 | 39 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 6/10/2015. Motion for order 22 and motion for extension of time to file 22 are terminated. Defendant Lemke has until 6/17/2015 to file a response. Rule 26(1)(1) disclosures are to be made by 7/10/2015. Status hearing set for 7/14/2015 at 9:00 AM. Mailed notice. (pjg, ) (Entered: 06/11/2015) |

| 06/22/2015 | 40 | ANSWER to amended complaint by Micheal Lemke(Brown, Jeanne) (Entered: 06/22/2015) |
|---|---|---|
| 07/10/2015 | 41 | ANSWER to amended complaint *and AFFIRMATIVE DEFENSES* by Arthur Funk, M.D., Wexford Health Source (Attachments: # 1 Notice of Filing)(Cornell, Kipp) (Entered: 07/10/2015) |
| 07/14/2015 | 42 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 7/14/2015 with attorneys for both sides. Written discovery is to be completed by 11/13/2015. Requests for admission are to be served by 2/10/2016. Status hearing is continued to 8/19/2015 at 9:00 a.m. Oral fact discovery, including treating medical personnel, is to be completed by 3/11/2016. Mailed notice. (pjg, ) (Entered: 07/14/2015) |
| 08/18/2015 | 43 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the time for the 8/19/2015 status hearing is advanced to 8:45 a.m. Mailed notice. (pjg, ) (Entered: 08/18/2015) |
| 08/19/2015 | 44 | AGREED ORDER PURSUANT TO HIPAA signed by the Honorable Matthew F. Kennelly on 8/19/2015. (mk) (Entered: 08/19/2015) |
| 08/19/2015 | 45 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 8/19/2015 with attorneys for both sides. Status hearing is continued to 9/30/2015 at 9:00 AM. The Clerk is directed to amend the caption of the case to read Hall v. Funk, because Arthur Funk is the first named defendant in the amended complaint. Wexford and Funk are reminded of the Court's previous order to provide Rule 26(a)(1) disclosures by 7/10/2015. Mailed notice. (pjg, ) (Entered: 08/19/2015) |
| 09/30/2015 | 46 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 9/30/2015 with attorneys for both sides. Status hearing is continued to 11/23/2015 at 9:00 a.m. Mailed notice. (pjg, ) (Entered: 09/30/2015) |
| 10/21/2015 | 47 | ATTORNEY Appearance for Defendant Micheal Lemke by Thor Yukinobu Inouye (Inouye, Thor) (Entered: 10/21/2015) |
| 11/05/2015 | 48 | MOTION by Plaintiff Lamont Hall for extension of time to complete discovery (Leahy, John) (Entered: 11/05/2015) |
| 11/05/2015 | 49 | NOTICE of Motion by John Ori Leahy for presentment of motion for extension of time to complete discovery 48 before Honorable Matthew F. Kennelly on 11/10/2015 at 09:30 AM. (Leahy, John) (Entered: 11/05/2015) |
| 11/09/2015 | 50 | ATTORNEY Appearance for Defendant Micheal Lemke by Erin Rachel Gard (Gard, Erin) (Entered: 11/09/2015) |
| 11/10/2015 | 51 | MOTION by Defendants Arthur Funk, M.D., Micheal Lemke, Diane Schwarz, Wexford Health Source to reassign case *Defendants' Joint Motion* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Cornell, Kipp) (Entered: 11/10/2015) |

| 11/10/2015 | 52 | *Defendants'* NOTICE of Motion by Kipp B. Cornell for presentment of motion to reassign case, 51 before Honorable Matthew F. Kennelly on 11/19/2015 at 09:30 AM. (Cornell, Kipp) (Entered: 11/10/2015) |
|---|---|---|
| 11/10/2015 | 53 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held on 11/10/2015. Motion for extension of time to complete discovery 48 is granted. The time for the 11/23/2015 status hearing is moved to 9:30 a.m. The 11/19/2015 motion hearing regarding motion to reassign case 51 is vacated and reset for 11/23/2015 at 9:30 a.m. to coincide with the status hearing. Mailed notice. (pjg, ) (Entered: 11/10/2015) |
| 11/20/2015 | 54 | RESPONSE by Lamont Hall to MOTION by Defendants Arthur Funk, M.D., Micheal Lemke, Diane Schwarz, Wexford Health Source to reassign case *Defendants' Joint Motion* 51 (Leahy, John) (Entered: 11/20/2015) |
| 11/23/2015 | 55 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing and motion hearing held on 11/23/2015. Motion to reassign case 51 is denied. Defendant's *res judicata* motion is to be filed by 12/21/2015. Status hearing set for 12/23/2015 at 9:30 a.m. Mailed notice. (pjg, ) (Entered: 11/23/2015) |
| 12/21/2015 | 56 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source to dismiss *and/or Motion for Judgment on the Pleadings* (Cornell, Kipp) (Entered: 12/21/2015) |
| 12/21/2015 | 57 | MEMORANDUM by Arthur Funk, M.D., Wexford Health Source in support of motion to dismiss 56 *and/or Motion for a Judgment on the Pleadings* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Cornell, Kipp) (Entered: 12/21/2015) |
| 12/23/2015 | 58 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 12/23/2015. Defendant's motion to dismiss 56 is entered and briefed as follows: Plaintiff's response is due by 1/22/2016; Plaintiff's reply is due by 2/5/2016. Status hearing set for 2/29/2016 at 09:30 AM. Mailed notice (lcw, ) (Entered: 12/23/2015) |
| 01/21/2016 | 59 | MOTION by Defendants Arthur Funk, M.D., Diane Schwarz for protective order (Attachments: # 1 Exhibit)(Cornell, Kipp) (Entered: 01/21/2016) |
| 01/21/2016 | 60 | NOTICE of Motion by Kipp B. Cornell for presentment of motion for protective order 59 before Honorable Matthew F. Kennelly on 1/26/2016 at 09:30 AM. (Cornell, Kipp) (Entered: 01/21/2016) |
| 01/22/2016 | 61 | CONFIDENTIALITY / PROTECTIVE ORDER signed by the Honorable Matthew F. Kennelly on 1/22/2016: The agreed motion for entry of a protective order is granted. (mk) (Entered: 01/22/2016) |
| 01/22/2016 | 62 | AMENDED COFIDENTIALITY / PROTECTIVE ORDER signed by the Honorable Matthew F. Kennelly on 1/22/2016. (mk) (Entered: 01/22/2016) |

| 01/22/2016 | 63 | RESPONSE by Lamont Hallin Opposition to MOTION by Defendants Arthur Funk, M.D., Wexford Health Source to dismiss *and/or Motion for Judgment on the Pleadings* 56 (Attachments: # 1 Exhibit A)(Bierig, Jack) (Entered: 01/22/2016) |
| --- | --- | --- |
| 02/05/2016 | 64 | REPLY by Defendants Arthur Funk, M.D., Wexford Health Source to response in opposition to motion 63 (Cornell, Kipp) (Entered: 02/05/2016) |
| 02/05/2016 | 65 | NOTICE by Arthur Funk, M.D. re reply 64 (Cornell, Kipp) (Entered: 02/05/2016) |
| 02/15/2016 | 66 | ORDER denying motion to dismiss or for judgment on the pleadings, signed by the Honorable Matthew F. Kennelly on 2/15/2016. The status hearing set for 2/29/2016 is vacated and reset to 3/3/2016 at 8:45 AM. (mk) (Entered: 02/15/2016) |
| 02/29/2016 | 67 | ATTORNEY Appearance for Plaintiff Lamont Hall by Joshua Alexander Fogarty (Fogarty, Joshua) (Entered: 02/29/2016) |
| 03/02/2016 | 68 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 3/3/2016 is moved to 9:15 AM on that date. (mk) (Entered: 03/02/2016) |
| 03/03/2016 | 69 | MOTION by Attorney Erin R. Gard to withdraw as attorney for Micheal Lemke. No party information provided (Gard, Erin) (Entered: 03/03/2016) |
| 03/03/2016 | 70 | NOTICE of Motion by Erin Rachel Gard for presentment of motion to withdraw as attorney 69 before Honorable Matthew F. Kennelly on 3/17/2016 at 09:30 AM. (Gard, Erin) (Entered: 03/03/2016) |
| 03/03/2016 | 71 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 3/3/2016 with attorneys for both sides. Status hearing is continued to 4/18/2016 at 9:00 a.m. Depositions in this case and 14 C 7887 are to be coordinated to the extent possible. Oral fact discovery cutoff date is extended to 5/31/2016. Mailed notice. (pjg, ) (Entered: 03/03/2016) |
| 03/07/2016 | 72 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant's motion to withdraw the appearance of Erin R. Gard as attorney 69 is granted. (mk) (Entered: 03/07/2016) |
| 04/08/2016 | 73 | NOTICE by Lamont Hall *of Issuance of Subpoena* (Attachments: # 1 Subpoena for Deposition)(Gursahani, Veena) (Entered: 04/08/2016) |
| 04/18/2016 | 74 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 4/18/2016 with attorneys for all parties. Status hearing is set for 5/4/2016 at 8:45 a.m. A joint status report with dates for fact depositions in this case and Case No. 14 C 7887 is to be filed by 5/2/2016. Mailed notice. (pjg, ) (Entered: 04/18/2016) |
| 04/19/2016 | 75 | ATTORNEY Appearance for Defendant Micheal Lemke by Emma Dorothy Steimel (Steimel, Emma) (Entered: 04/19/2016) |

| 04/19/2016 | 76 | WITHDRAWING *Jeanne Brown* as counsel for Defendant Micheal Lemke and substituting Emma Dorothy Steimel as counsel of record (Steimel, Emma) (Entered: 04/19/2016) |
|---|---|---|
| 04/26/2016 | 77 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion for leave to take the deposition of plaintiff Lamont Hall, who is incarcerated, is granted. (mk) (Entered: 04/26/2016) |
| 05/02/2016 | 78 | STATUS Report *Regarding Oral Fact Discovey (Joint)* by Lamont Hall (Gursahani, Veena) (Entered: 05/02/2016) |
| 05/04/2016 | 79 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 5/4/2016 with attorneys for both sides. Fact discovery cutoff date is extended to 6/30/2016. Telephone status hearing, to be initiated by the parties, is set for 5/18/2016 at 8:30 a.m. for the purpose of discussing the possibility of settlement. Rule 26(a)(2) disclosures are due by 8/11/2016 for plaintiff and 9/22/2016 for defendants. Expert discovery ordered closed 10/31/2016. The Clerk is directed to correct the caption and title of the case to read Hall v. Funk. Mailed notice. (pjg, ) (Entered: 05/04/2016) |
| 05/18/2016 | 80 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 5/18/2016 with attorneys for all parties. Status hearing is continued to 5/26/2016 at 8:45 a.m. Mailed notice. (pjg, ) (Entered: 05/18/2016) |
| 05/26/2016 | 81 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 5/26/2016 with attorneys for all parties. Status hearing set for 6/14/2016 at 9:30 a.m. Any motions relating to plaintiff's Rule 30(b)(6) notice are to be noticed for presentment on that date. The parties' positions, in the form of a joint status report, are to be submitted by 6/10/2016. Mailed notice. (pjg, ) (Entered: 05/26/2016) |
| 06/10/2016 | 82 | STATUS Report *Joint Status Report And Positions Regarding Plaintiffs Rule 30(b)(6) Subpoena To Illinois Department Of Corrections* by Lamont Hall (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gursahani, Veena) (Entered: 06/10/2016) |
| 06/14/2016 | 83 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 6/14/2016 and continued to 8/17/2016 at 9:00 a.m. Mailed notice. (pjg, ) (Entered: 06/15/2016) |
| 06/16/2016 | 84 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 6/16/2016 with attorneys for both sides. Status hearing is continued to 8/9/2016 at 9:00 a.m. The status hearing date of 8/17/2016 is vacated. Mailed notice. (pjg, ) (Entered: 06/16/2016) |
| 06/23/2016 | 85 | TRANSCRIPT OF PROCEEDINGS held on June 14, 2016 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/14/2016. Redacted Transcript Deadline set for 7/25/2016. Release of Transcript Restriction set for 9/21/2016. (Cox, Carolyn) (Entered: 06/23/2016) |
| 07/13/2016 | 🔒 | 86 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for leave to file *Amended Affirmative Defenses* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cornell, Kipp) (Entered: 07/13/2016) |
| 07/13/2016 | | 87 | NOTICE of Motion by Kipp B. Cornell for presentment of motion for leave to file 86 before Honorable Matthew F. Kennelly on 7/20/2016 at 09:30 AM. (Cornell, Kipp) (Entered: 07/13/2016) |
| 07/18/2016 | | 88 | MOTION by Plaintiff Lamont Hall to seal document *(PLAINTIFFS DEPOSITION TRANSCRIPT FILED AS EXHIBIT A TO DEFENDANTS MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES)* (Gursahani, Veena) (Entered: 07/18/2016) |
| 07/18/2016 | | 89 | NOTICE of Motion by Veena K Gursahani for presentment of motion to seal document 88 before Honorable Matthew F. Kennelly on 7/20/2016 at 09:30 AM. (Gursahani, Veena) (Entered: 07/18/2016) |
| 07/20/2016 | | 90 | MINUTE entry before the Honorable Rebecca R. Pallmeyer in Judge Kennelly's absence: Motion hearing held on 7/20/2016. Motion for leave to file amended affirmative defenses 86 is granted. Defendant has leave to file amended affirmative defenses. Motion to seal document 88 is granted. Defendant is directed to file Mr. Hall's deposition under seal. Mailed notice. (pjg, ) (Entered: 07/20/2016) |
| 07/27/2016 | | 91 | AMENDED answer to amended complaint 41 *Defendants Amended Affirmative Defenses to Plaintiff's First Amended Complaint* (Cornell, Kipp) (Entered: 07/27/2016) |
| 07/29/2016 | | 92 | MOTION by Plaintiff Lamont Hall For Extension of Court's Expert Discovery Schedule *(Unopposed)* (Bierig, Jack) (Entered: 07/29/2016) |
| 07/29/2016 | | 93 | NOTICE of Motion by Jack R. Bierig for presentment of motion for miscellaneous relief 92 before Honorable Matthew F. Kennelly on 8/4/2016 at 09:30 AM. (Bierig, Jack) (Entered: 07/29/2016) |
| 08/03/2016 | | 94 | MINUTE entry before the Honorable Matthew F. Kennelly: The status hearing set for 8/9/2016 is advanced to 8/4/2016 at 9:30 AM, to be held in conjunction with the motion hearing set for that same date and time. (mk) (Entered: 08/03/2016) |

| 08/04/2016 | 95 | MINUTE entry before the Honorable Matthew F. Kennelly: Status and motion hearing held on 8/4/2016. Plaintiff's unopposed motion for an extension of Court's expert discovery schedule 92 is granted. Plaintiff's Rule(a)(2) disclosures are due by 9/30/2016. Defendant's Rule 26(a)(2) disclosures are due by 11/14/2016. Expert discovery is to be completed by 12/16/2016. Status hearing is set for 10/11/2016 at 9:30 a.m. Mailed notice (lcw, ) (Entered: 08/04/2016) |
|---|---|---|
| 08/29/2016 | 96 | STIPULATION of Dismissal (Bierig, Jack) (Entered: 08/29/2016) |
| 08/30/2016 | 97 | STIPULATION regarding stipulation of dismissal 96 *Corrected Joint Stipulation to Dismiss Defendant Michael Lemke* (Bierig, Jack) (Entered: 08/30/2016) |
| 08/31/2016 | 98 | MINUTE entry before the Honorable Matthew F. Kennelly: Pursuant to the parties' corrected stipulation, plaintiff's claims against defendant Michael Lemke are dismissed without prejudice. This will convert to a dismissal with prejudice on the date the payment contemplated by paragraph 1 of the parties' settlement agreement is disbursed by the Illinois Comptroller. (mk) (Entered: 08/31/2016) |
| 10/11/2016 | 99 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 10/11/2016. Agreed motion with proposed discovery and dispositive motion deadlines to be filed. Status hearing set for 12/13/2016 at 9:30 a.m. (pjg, ) (Entered: 10/11/2016) |
| 11/10/2016 | 100 | MOTION by Plaintiff Lamont Hall to Set Expert Discovery and Dispositive Motion Schedules *(Agreed)* (Leahy, John) (Entered: 11/10/2016) |
| 11/10/2016 | 101 | NOTICE of Motion by John Ori Leahy for presentment of motion for miscellaneous relief 100 before Honorable Matthew F. Kennelly on 11/17/2016 at 09:30 AM. (Leahy, John) (Entered: 11/10/2016) |
| 11/13/2016 | 102 | MINUTE entry before the Honorable Matthew F. Kennelly: Agreed motion to set schedule 100 is granted. Defendants are to take the depositions of plaintiff's experts no later than 1/30/2017. Defendants' Rule 26(a)(2) disclosures are to be made by 2/13/2016. Plaintiff is to take the deposition of defendants' experts, and expert discovery is to be completed, by 3/27/2017. The deadline for filing dispositive motions is 4/24/2017. The response to any dispositive motion is to be filed by 5/22/2017. The reply is to be filed by 6/5/2017. (mk) (Entered: 11/13/2016) |
| 12/11/2016 | 103 | MINUTE entry before the Honorable Matthew F. Kennelly: The time for the 12/13/2016 status hearing is moved to 9:45 AM on that date. (mk) (Entered: 12/11/2016) |
| 12/13/2016 | 104 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 12/13/2016 and continued to 3/28/2017 at 9:30 AM. Mailed notice. (pjg, ) (Entered: 12/13/2016) |

| | | |
|---|---|---|
| 01/31/2017 | 105 | MOTION by Plaintiff Lamont Hall to seal document *Motion To Admit Expert Report And Deposition Testimony Into Evidence* (Bierig, Jack) (Entered: 01/31/2017) |
| 01/31/2017 | 106 | NOTICE of Motion by Jack R. Bierig for presentment of motion to seal document 105 before Honorable Matthew F. Kennelly on 2/2/2017 at 09:00 AM. (Bierig, Jack) (Entered: 01/31/2017) |
| 01/31/2017 | 107 | SEALED MOTION by Plaintiff Lamont Hall *To Admit Expert Report And Deposition Testimony Into Evidence* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bierig, Jack) (Entered: 01/31/2017) |
| 01/31/2017 | 108 | NOTICE of Motion by Jack R. Bierig for presentment of Sealed motion 107 before Honorable Matthew F. Kennelly on 2/2/2017 at 09:00 AM. (Bierig, Jack) (Entered: 01/31/2017) |
| 02/02/2017 | 109 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held with attorneys for both sides and for witness. Motion to file under seal 105 is granted. Responses to motion to admit are to be filed by 2/16/2017; reply is due by 2/27/2017. Ruling set for 3/2/2017 at 9:30 a.m. All responses and replies on motion to admit are to be filed under seal. Mailed notice. (pjg, ) (Entered: 02/02/2017) |
| 02/16/2017 | 🔒 | (Court only) ***Party unknown., ***Attorney Cortney Suzanne Closey for unknown added. (pjg, ) Modified on 4/24/2017 (pjg, ). (Entered: 02/16/2017) |
| 02/16/2017 | 110 | SEALED DOCUMENT *(FILED ON BEHALF OF DOCTOR)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Closey, Cortney) Modified on 2/16/2017 (pjg, ). (Entered: 02/16/2017) |
| 02/16/2017 | 111 | SEALED RESPONSE by Arthur Funk, M.D., Wexford Health Source to SEALED MOTION by Plaintiff Lamont Hall *To Admit Expert Report And Deposition Testimony Into Evidence* 107 (Cornell, Kipp) (Entered: 02/16/2017) |
| 02/22/2017 | 112 | MINUTE entry before the Honorable Matthew F. Kennelly: Counsel for plaintiff and defendants are directed to provide a copy of the expert report and the entire transcript of the deposition referenced in docket no. 107 to Judge Kennelly via delivery to chambers (Room 2188) by no later than 12:00 noon on 2/24/2017. A small-type version of the deposition transcript is preferred if it is available. (mk) (Entered: 02/22/2017) |
| 02/27/2017 | 113 | SEALED REPLY by Lamont Hall to sealed response 111 (Attachments: # 1 Exhibit A)(Bierig, Jack) (Entered: 02/27/2017) |
| 03/02/2017 | 114 | MINUTE entry before the Honorable Matthew F. Kennelly: Ruling on Motion hearing held on 3/2/2017 regarding sealed motion to admit expert report and deposition testimony into evidence 107 and continued to 3/6/2017 at 9:30 a.m. Ms. Closey fails to appear. Ruling on motion 107 is continued to 3/6/2017 at 9:30 a.m. Ms. Closey is ordered to appear. |

| | | | |
|---|---|---|---|
| | | | Attorneys for parties are to immediately provide Ms. Closey with a copy of this order. Mailed notice. (pjg, ) (Entered: 03/02/2017) |
| 03/06/2017 | | 115 | MINUTE entry before the Honorable Matthew F. Kennelly:Motion hearing held. For the reasons stated in open court, an evidentiary hearing regarding Sealed Motion by Plaintiff to Admit Expert Report and Deposition Testimony into Evidence 107 is set for 3/24/2017 at 9:30 a.m. Expert and counsel for all parties and for expert are ordered to appear on 3/24/2017 at 9:30 a.m. in courtroom 2103. Attorney Cortney Closey for physician expert is ordered to file her appearance, forthwith, and provide expert with a copy of this order.Mailed notice (lxs, ) Modified text on 4/24/2017 (pjg, ). (Entered: 03/06/2017) |
| 03/07/2017 | 🔓 | 116 | TRANSCRIPT OF PROCEEDINGS held on March 6, 2017 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/28/2017. Redacted Transcript Deadline set for 4/7/2017. Release of Transcript Restriction set for 6/5/2017. (Cox, Carolyn) (Entered: 03/07/2017) |
| 03/13/2017 | | 117 | MOTION by Attorney John O. Leahy to withdraw as attorney for Lamont Hall. No party information provided (Leahy, John) (Entered: 03/13/2017) |
| 03/13/2017 | | 118 | NOTICE of Motion by John O. Leahy for presentment of motion to withdraw as attorney 117 before Honorable Matthew F. Kennelly on 3/16/2017 at 09:30 AM. (Leahy, John) (Entered: 03/13/2017) |
| 03/13/2017 | | 119 | MOTION by Plaintiff Lamont HallTo Reschedule the Evidentiary Hearing *(Unopposed)* (Gursahani, Veena) (Entered: 03/13/2017) |
| 03/13/2017 | | 120 | NOTICE of Motion by Veena K Gursahani for presentment of motion for miscellaneous relief 119 before Honorable Matthew F. Kennelly on 3/16/2017 at 09:30 AM. (Gursahani, Veena) (Entered: 03/13/2017) |
| 03/27/2017 | | 122 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the status hearing set for 3/28/2017 is vacated as unnecessary given the upcoming hearing date of 4/3/2017. (mk) (Entered: 03/27/2017) |
| 03/31/2017 | | 123 | ATTORNEY Appearance for Unknown by Cortney Suzanne Closey (Closey, Cortney) Modified on 4/24/2017 (pjg, ). (Entered: 03/31/2017) |

| 04/03/2017 | 124 | MINUTE entry before the Honorable Matthew F. Kennelly: Evidentiary hearing held on 4/3/2017. The Court's ruling on sealed motion 107 shall be made in due course. The dispositive motion schedule is vacated. Telephone status hearing, to be initiated by the parties, is set for 4/19/2017 at 8:30 a.m. Mailed notice. (pjg, ) (Entered: 04/03/2017) |
| --- | --- | --- |
| 04/19/2017 | 126 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 4/19/2017 with attorneys for both sides and for the witness. Continuation of the 4/3/2017 hearing, as described in the order of 4/16/2017, is set for 4/21/2017 at 9:30 a.m. and will be conducted on the record via conference call. Defense counsel is to set up a conference line and provide the information to other counsel and the Court. Mailed notice. (pjg, ) (Entered: 04/19/2017) |
| 04/21/2017 | 127 | MINUTE entry before the Honorable Matthew F. Kennelly: Continued evidentiary hearing held by telephone conference on 4/21/2017. Mailed notice. (pjg, ) (Entered: 04/21/2017) |
| 04/24/2017 | 128 | MINUTE entry before the Honorable Matthew F. Kennelly: On the Court's motion, the Clerk is directed to place the following docket entries under seal and modify text: 115 , 116 , 121 , 123 , and 125 . (pjg, ) (Entered: 04/24/2017) |
| 04/25/2017 | 129 | SEALED ORDER signed by the Honorable Matthew F. Kennelly on 4/25/2017: The Court grants plaintiff's motion to admit as described in this order. The surgeon's testimony is admissible under *Daubert* and Rule 702; it may be used to oppose a summary judgment motion filed by Wexford; and it will be admissible at trial under Rule 801(d)(1)(A) once the appropriate predicate is established. The case is set for a telephone status hearing on April 27, 2017 at 8:45 a.m. to reset the schedule for further proceedings in this case. Counsel are jointly call chambers at that date and time. (pjg, ) (Entered: 04/25/2017) |
| 04/27/2017 | 130 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 4/27/2017. Deadline for defendants' Rule 26(a)(2) disclosures is extended to 5/30/2017. Expert discovery is to be completed by 8/1/2017. Telephone status hearing, to be initiated by the parties, is set for 6/1/2017 at 8:45 a.m. The deadline for filing dispositive motions is 9/12/2017; response is due 10/17/2017; reply is due 10/31/2017. Mailed notice. (pjg, ) (Entered: 04/27/2017) |
| 05/02/2017 | 131 | TRANSCRIPT OF PROCEEDINGS held on April 3, 2017 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov |

| | | |
|---|---|---|
| | | under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/23/2017. Redacted Transcript Deadline set for 6/2/2017. Release of Transcript Restriction set for 7/31/2017. (Cox, Carolyn) (Entered: 05/02/2017) |
| 05/31/2017 | 132 | ATTORNEY Appearance for Plaintiff Lamont Hall by Peter D. Mclaughlin (Mclaughlin, Peter) (Entered: 05/31/2017) |
| 06/01/2017 | 133 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 6/1/2017 with attorneys for both sides. Telephone status hearing, to be initiated by the parties, is set for 8/7/2017 at 9:00 a.m. Mailed notice. (pjg, ) (Entered: 06/01/2017) |
| 08/07/2017 | 134 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 8/7/2017 with attorneys for both sides. The case is set for jury trial on 4/2/2018 at 9:45 a.m. The dispositive motion schedule is extended as follows: motion is due 10/13/2017; response is due 11/17/2017; reply 12/8/2017. Mailed notice. (pjg, ) (Entered: 08/07/2017) |
| 08/17/2017 | 135 | MOTION by Attorney Veena K. Gursahani to withdraw as attorney for Lamont Hall. No party information provided (Gursahani, Veena) (Entered: 08/17/2017) |
| 08/17/2017 | 136 | NOTICE of Motion by Veena K Gursahani for presentment of motion to withdraw as attorney 135 before Honorable Matthew F. Kennelly on 8/23/2017 at 09:30 AM. (Gursahani, Veena) (Entered: 08/17/2017) |
| 08/22/2017 | 137 | MINUTE entry before the Honorable Matthew F. Kennelly: The motion to withdraw the appearance of Veena K. Gursahani as attorney for plaintiff 135 is granted. The Court thanks Ms. Gursahani for her service in this case and wishes her the best of luck in her new endeavor. (mk) (Entered: 08/22/2017) |
| 10/13/2017 | 138 | SEALED DOCUMENT by Defendants Arthur Funk, M.D., Wexford Health Source *Defendant's LR 56.1 Statement of Material Facts* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y)(Cornell, Kipp) (Entered: 10/13/2017) |
| 10/13/2017 | 139 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for summary judgment (Cornell, Kipp) (Entered: 10/13/2017) |
| 10/13/2017 | 140 | SEALED DOCUMENT by Defendants Arthur Funk, M.D., Wexford Health Source *Memorandum of Law in Support of Defendants' Motion for Summary Judgment* (Cornell, Kipp) (Entered: 10/13/2017) |

| 10/13/2017 | 141 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for leave to file *Documents Under Seal* (Cornell, Kipp) (Entered: 10/13/2017) |
|---|---|---|
| 10/13/2017 | 142 | NOTICE of Motion by Kipp B. Cornell for presentment of motion for leave to file 141 before Honorable Matthew F. Kennelly on 10/17/2017 at 09:30 AM. (Cornell, Kipp) (Entered: 10/13/2017) |
| 10/16/2017 | 143 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant's motion for leave to file materials under seal 141 is granted. Defendants may file their summary judgment memorandum, Rule 56.1 statement, and supporting exhibits under seal, with redacted versions to be filed in the public record. The required chambers copy must be a complete and intact (not piecemeal) copy of the under-seal version. (mk) (Entered: 10/16/2017) |
| 11/15/2017 | 144 | MOTION by Plaintiff Lamont Hall to seal *(Uncontested)* (Fogarty, Joshua) (Entered: 11/15/2017) |
| 11/15/2017 | 145 | NOTICE of Motion by Joshua Alexander Fogarty for presentment of motion to seal 144 before Honorable Matthew F. Kennelly on 11/21/2017 at 09:30 AM. (Fogarty, Joshua) (Entered: 11/15/2017) |
| 11/17/2017 | 146 | SEALED RESPONSE by Lamont Hall to MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for summary judgment 139 (Bierig, Jack) (Entered: 11/17/2017) |
| 11/17/2017 | 147 | SEALED RESPONSE by Lamont Hall to sealed document,, 138 *Defendants' LR 56.1 Statement Of Material Facts* (Bierig, Jack) (Entered: 11/17/2017) |
| 11/17/2017 | 148 | SEALED DOCUMENT by Plaintiff Lamont Hall - *Plaintiff's LR 56.1(b) (3)(C) Statement Of Additional Facts That Require Denial Of Summary Judgment* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Bierig, Jack) (Entered: 11/17/2017) |
| 11/20/2017 | 149 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for leave to file his summary judgment response materials under seal 144 is granted. Redacted versions are to be filed in the public record. The required chambers copy must be a complete copy of the under-seal version. (mk) (Entered: 11/20/2017) |
| 12/07/2017 | 150 | MOTION by Defendants Dr. Funk, Wexford Health Source to seal (Cornell, Kipp) (Entered: 12/07/2017) |
| 12/07/2017 | 151 | NOTICE of Motion by Kipp B. Cornell for presentment of motion to seal 150 before Honorable Matthew F. Kennelly on 12/13/2017 at 09:30 AM. (Cornell, Kipp) (Entered: 12/07/2017) |
| 12/08/2017 | 152 | SEALED RESPONSE by Arthur Funk, M.D., Wexford Health Source to sealed response 147 *Defendant's Response to Plaintiff's LR56.1(b)(3)(C)* |

| | | |
|---|---|---|
| | | *Statement of Additional Facts* (Cornell, Kipp) (Entered: 12/08/2017) |
| 12/08/2017 | 153 | SEALED REPLY by Arthur Funk, M.D., Wexford Health Source to MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for summary judgment 139 (Cornell, Kipp) (Entered: 12/08/2017) |
| 12/12/2017 | 154 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant's motion for leave to file their reply brief and response to plaintiff's LR 56.1 statement is granted. Redacted versions are to be filed in the public record. The required chambers copies must be complete and intact copies of the under-seal versions. (mk) (Entered: 12/12/2017) |
| 12/19/2017 | 155 | MEMORANDUM by Arthur Funk, M.D., Wexford Health Source in support of motion for summary judgment 139 *REDACTED* (Cornell, Kipp) (Entered: 12/19/2017) |
| 12/19/2017 | 156 | Defendant's LR 56.1 Statement of Material Facts - Redacted STATEMENT by Arthur Funk, M.D. (Cornell, Kipp) (Entered: 12/19/2017) |
| 12/19/2017 | 157 | REPLY by Defendants Arthur Funk, M.D., Wexford Health Source to motion for summary judgment 139 *REDACTED* (Cornell, Kipp) (Entered: 12/19/2017) |
| 12/19/2017 | 158 | REPLY by Defendants Arthur Funk, M.D., Wexford Health Source to sealed response 147 *Defendant's Response to Plaintiff's LR56.1(b)(3)(C) Statement of Additional Facts -REDACTED* (Cornell, Kipp) (Entered: 12/19/2017) |
| 01/04/2018 | 159 | RESPONSE by Lamont Hallin Opposition to MOTION by Defendants Arthur Funk, M.D., Wexford Health Source for summary judgment 139 *(Redacted Version)* (Bierig, Jack) (Entered: 01/04/2018) |
| 01/04/2018 | 160 | RESPONSE by Plaintiff Lamont Hall to sealed document,, 138 *Defendants' LR 56.1 Statement Of Material Facts (Redacted Version)* (Bierig, Jack) (Entered: 01/04/2018) |
| 01/04/2018 | 161 | RULE 56.1(b)(3)(c) Statement *Of Additional Facts That Require Denial Of Summary Judgment (Redacted Version)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Bierig, Jack) (Entered: 01/04/2018) |
| 02/26/2018 | 162 | MOTION by Plaintiff Lamont Hall to continue *The Trial Date (Joint)* (Fogarty, Joshua) (Entered: 02/26/2018) |
| 02/26/2018 | 163 | NOTICE of Motion by Joshua Alexander Fogarty for presentment of motion to continue 162 before Honorable Matthew F. Kennelly on 2/28/2018 at 09:30 AM. (Fogarty, Joshua) (Entered: 02/26/2018) |
| 02/27/2018 | 164 | MINUTE entry before the Honorable Matthew F. Kennelly: Counsel for both sides are directed to appear at tomorrow's hearing on the motion to continue the trial date and are to be fully prepared, if the Court grants the |

| | | | |
|---|---|---|---|
| | | | motion, to set a new date. (mk) (Entered: 02/27/2018) |
| 02/27/2018 | | 165 | MINUTE entry before the Honorable Matthew F. Kennelly: The Court advises that it intends to rule on the pending motion for summary judgment at the hearing set for tomorrow, 2/28/2018. The time for the hearing is moved to 10:15 AM at the Court's instance. (mk) (Entered: 02/27/2018) |
| 02/28/2018 | | 166 | MINUTE entry before the Honorable Matthew F. Kennelly: Ruling on motion and motion hearing held on 2/28/2018. Motion for summary judgment 139 is denied for reasons stated in ruling made in open court. The 4/2/2018 jury trial is vacated and reset for 4/9/2018 at 9:45. *Pavey* hearing regarding the exhaustion issue is set for the morning of jury selection. Final pretrial order due by 4/2/2018. Final pretrial conference is set for 4/5/2018 at 3:30 p.m. Status hearing is set for 3/14/2018 at 8:15 a.m. Lead trial counsel are ordered to appear at the status hearing. Mailed notice. (pjg, ) (Entered: 03/01/2018) |
| 03/01/2018 | 🔓 | 167 | TRANSCRIPT OF PROCEEDINGS held on February 28, 2018 before the Honorable Matthew F. Kennelly. Order Number: 30090. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/22/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/30/2018. (Cox, Carolyn) (Entered: 03/01/2018) |
| 03/02/2018 | | 168 | ATTORNEY Appearance for Plaintiff Lamont Hall by Thomas Kayes (Kayes, Thomas) (Entered: 03/02/2018) |
| 03/02/2018 | | 169 | ATTORNEY Appearance for Plaintiff Lamont Hall by Alison R Leff (Leff, Alison) (Entered: 03/02/2018) |
| 03/06/2018 | | 170 | PETITION for writ of habeas corpus filed by Lamont Hall against U.S. Marshal, Warden at Dixon Correctional Center Filing fee $ 5, receipt number 0752-14197681. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mclaughlin, Peter) (Entered: 03/06/2018) |
| 03/06/2018 | | 171 | NOTICE of Motion by Peter D. Mclaughlin for presentment of petition for writ of habeas corpus 170 before Honorable Matthew F. Kennelly on 3/13/2018 at 09:30 AM. (Mclaughlin, Peter) (Entered: 03/06/2018) |
| 03/09/2018 | | 172 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion petition for writ of habeas corpus 170 is granted and the 3/13/2018 motion hearing date is vacated. Order and Writ to follow. Mailed notice. (pjg, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/09/2018 |
| 03/09/2018 | | 173 | ORDER as to Lamont Hall. Signed by the Honorable Matthew F. Kennelly on 3/9/2018. (Entered: 03/09/2018) |
| 03/09/2018 | 🔒 🔒 | 174 | WRIT of habeas corpus ad testicandandum issued to U.S. Marshal as to Lamont Hall. (yap, ) (Entered: 03/09/2018) |
| 03/14/2018 | | 175 | MINUTE entry before the Honorable Matthew F. Kennelly: Rule 16(b) status hearing held on 3/14/2018 with attorneys for all parties. The Court discussed the possibility of settlement. The case remains set for trial on 4/9/2018. Mailed notice. (pjg, ) (Entered: 03/14/2018) |
| 03/19/2018 | | 176 | ATTORNEY Appearance for Defendant Arthur Funk, M.D. by Chad Michael Skarpiak *and Wexford Health Sources, Inc.* (Attachments: # 1 Certificate of Service Certificate of Service)(Skarpiak, Chad) (Entered: 03/19/2018) |
| 03/19/2018 | | 177 | ATTORNEY Appearance for Defendant Arthur Funk, M.D. by Chad Michael Skarpiak *Amended Appearance for Arthur Funk and Wexford Health Sources, Inc.* (Attachments: # 1 Certificate of Service Certificate of Service for Amended Appearance)(Skarpiak, Chad) (Entered: 03/19/2018) |
| 03/20/2018 | | 178 | MOTION by Plaintiff Lamont Hall for sanctions *based on Defendants' failure to comply with Rule 26(a)(3) and the court's standing order* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Kayes, Thomas) (Entered: 03/20/2018) |
| 03/20/2018 | | 179 | NOTICE of Motion by Thomas Kayes for presentment of motion for sanctions, 178 before Honorable Matthew F. Kennelly on 3/22/2018 at 09:30 AM. (Kayes, Thomas) (Entered: 03/20/2018) |
| 03/20/2018 | | 180 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants are directed to file by no later than 12:00 noon on 3/21/2018 a detailed written statement describing what it has done to comply with this Court's standing order regarding preparation of the final pretrial order, including what exactly it has provided to plaintiff for the final pretrial order, and when. (mk) (Entered: 03/20/2018) |
| 03/21/2018 | | 181 | RESPONSE by Arthur Funk, M.D., Wexford Health Source to MOTION by Plaintiff Lamont Hall for sanctions *based on Defendants' failure to comply with Rule 26(a)(3) and the court's standing order* 178 (Attachments: # 1 Exhibit Exhibit A)(Cornell, Kipp) (Entered: 03/21/2018) |
| 03/21/2018 | | 182 | CERTIFICATE of Service *Defendant's Response to Plaintiff's Motion for Sanctions* (Cornell, Kipp) (Entered: 03/21/2018) |
| 03/21/2018 | | 183 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion for sanctions 178 is denied, in light of defendants' representation that it has now provided to plaintiff all of the materials required of it under the Court's standing order regarding preparation of the final pretrial order, and defense counsel's representation regarding the reasons for the late |

|  |  |  |
|---|---|---|
|  |  | submission of those materials. The Court also advises that for jury instructions, it intends to use the pattern Seventh Circuit Civil Jury Instructions applicable to plaintiff's federal claim, and some variation of the Illinois Pattern Civil Instructions applicable to plaintiff's state claim. The denial of the motion for sanctions is without prejudice to plaintiff presenting, and noticing for the final pretrial conference, a focused motion that makes a specific showing of unfair prejudice from defendants' alleged delay. (mk) (Entered: 03/21/2018) |
| 03/22/2018 | 184 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source to seal *Defendants' Motion in Limine and Exhibits* (Cornell, Kipp) (Entered: 03/22/2018) |
| 03/22/2018 | 185 | NOTICE of Motion by Kipp B. Cornell for presentment of motion to seal 184 before Honorable Matthew F. Kennelly on 3/27/2018 at 09:30 AM. (Cornell, Kipp) (Entered: 03/22/2018) |
| 03/22/2018 | 186 | SEALED MOTION by Defendants Arthur Funk, M.D., Wexford Health Source *(motions in limine)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Cornell, Kipp) (Entered: 03/22/2018) |
| 03/22/2018 | 187 | MOTION by Plaintiff Lamont Hallin limine (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Fogarty, Joshua) (Entered: 03/22/2018) |
| 03/24/2018 | 188 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendants' motion for leave to file motions in limine and exhibits under seal 184 is granted. (mk) (Entered: 03/24/2018) |
| 03/29/2018 | 189 | MOTION by Plaintiff Lamont Hall to seal *Motion to file under seal* (Leff, Alison) (Entered: 03/29/2018) |
| 03/29/2018 | 190 | NOTICE of Motion by Alison R Leff for presentment of motion to seal 189 before Honorable Matthew F. Kennelly on 4/5/2018 at 03:30 PM. (Leff, Alison) (Entered: 03/29/2018) |
| 03/29/2018 | 191 | SEALED DOCUMENT by Plaintiff Lamont Hall *Response In Oposition To Defendant's Motions In Limine* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Fogarty, Joshua) (Entered: 03/29/2018) |
| 03/29/2018 | 192 | SEALED RESPONSE by Arthur Funk, M.D., Wexford Health Source to MOTION by Plaintiff Lamont Hallin limine 187 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2A, # 3 Exhibit 2B, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Cornell, Kipp) (Entered: 03/29/2018) |
| 03/29/2018 | 193 | MOTION by Defendants Arthur Funk, M.D., Wexford Health Source to seal *Responses to Plaintiff's MIL* (Cornell, Kipp) (Entered: 03/29/2018) |

| 03/29/2018 | 194 | NOTICE of Motion by Kipp B. Cornell for presentment of motion to seal 193 before Honorable Matthew F. Kennelly on 4/5/2018 at 03:30 PM. (Cornell, Kipp) (Entered: 03/29/2018) |
|---|---|---|
| 04/02/2018 | 195 | PROPOSED Pretrial Order (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Leff, Alison) (Entered: 04/02/2018) |
| 04/03/2018 | 196 | TRANSCRIPT OF PROCEEDINGS held on April 21, 2017 before the Honorable Matthew F. Kennelly. Order Number: 30316. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018. (Cox, Carolyn) (Entered: 04/03/2018) |
| 04/05/2018 | 197 | MINUTE entry before the Honorable Matthew F. Kennelly: Final pretrial conference held on 4/5/2018 and continued to 4/6/2018 at 11:30 AM. Mailed notice. (pjg, ) (Entered: 04/05/2018) |
| 04/06/2018 | 198 | MINUTE entry before the Honorable Matthew F. Kennelly: Final pretrial conference held on 4/6/2018. All remaining motions in limine were ruled on orally. Mailed notice (ep, ) (Entered: 04/06/2018) |
| 04/07/2018 | 199 | ORDER ON MOTIONS IN LIMINE REGARDING DR. GREGORY BALES AND DR. DAVID MATHIS, signed by the Honorable Matthew F. Kennelly on April 7, 2018. (mk) (Entered: 04/07/2018) |
| 04/09/2018 | 200 | MINUTE entry before the Honorable Matthew F. Kennelly: Pavey hearing held on 4/9/2018. The Court rules the affirmative defense is stricken. Jury trial began on 4/9/2018. Evidence presented. Jury trial continued to 4/10/2018 at 9:45 AM. Mailed notice. (pjg, ) (Entered: 04/09/2018) |
| 04/10/2018 | 201 | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 4/10/2018 and continued to 4/11/2018 at 10:00 AM. Mailed notice. (pjg, ) (Entered: 04/10/2018) |
| 04/11/2018 | 202 | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 4/11/2018 and continued to 4/13/2018 at 09:00 AM. Mailed notice (ags, ) (Entered: 04/11/2018) |
| 04/11/2018 | 203 | MINUTE entry before the Honorable Matthew F. Kennelly: Docket entry 202 is amended to reflect that the jury trial is continued to 4/13/2018 at 09:00 AM. Mailed notice (ags, ) (Entered: 04/11/2018) |

| 04/12/2018 | 204 | MOTION by Plaintiff Lamont Hall to seal *Stipulation Regarding Wexford Health Sources, Inc.s Financial Condition* (Fogarty, Joshua) (Entered: 04/12/2018) |
|---|---|---|
| 04/12/2018 | 205 | NOTICE of Motion by Joshua Alexander Fogarty for presentment of motion to seal 204 before Honorable Matthew F. Kennelly on 4/13/2018 at 09:00 AM. (Fogarty, Joshua) (Entered: 04/12/2018) |
| 04/12/2018 | 206 | SEALED DOCUMENT by Plaintiff Lamont Hall *Regarding Wexford Health Sources, Inc.s Financial Condition* (Fogarty, Joshua) (Entered: 04/12/2018) |
| 04/13/2018 | 207 | INSTRUCTIONS TO THE JURY. (pjg, ) (Entered: 04/13/2018) |
| 04/13/2018 | 208 | MINUTE entry before the Honorable Matthew F. Kennelly: Jury trial held on 4/13/2018. Motion to seal 204 is granted. Defendant's oral motion to dismiss is taken under advisement. Deliberations began. (pjg, ) (Entered: 04/13/2018) |
| 04/13/2018 | 213 | JURY Verdict entered in favor of Lamont Hall and against Wexford Health Sources, Inc. (Mailed Notice) (RESTRICTED) (las, ) (Entered: 04/17/2018) |
| 04/13/2018 | 214 | JURY Notes (las, ) (Entered: 04/17/2018) |
| 04/13/2018 | 215 | JURY Notes (Sealed)(las, ) (Entered: 04/17/2018) |
| 04/15/2018 | 209 | MINUTE entry before the Honorable Matthew F. Kennelly: Upon further consideration, the Court believes that it may have acted improvidently on 4/13/2018 in not accepting the verdict returned by the jury, identifying an apparent inconsistency, and ordering further deliberations. Because the jury will be returning for deliberations at 9:00 AM on 4/16/2018, the matter is set for a further hearing at that time, to be held on the record but in chambers for the sake of convenience. The Court was previously advised that defense counsel Michael Slovis may have another commitment at that time, so he may participate by telephone if he wishes but will need to provide the Court sometime today with a phone number where he can be reached at 9:00 AM tomorrow. (mk) (Entered: 04/15/2018) |
| 04/16/2018 | 210 | MINUTE entry before the Honorable Matthew F. Kennelly: Further status hearing held. Prior to the trial, plaintiff voluntarily dismissed with prejudice counts 2 and 4 of the amended complaint. Counts 1, 3, and 5 proceeded to trial. The Court has determined to direct the Clerk to enter judgment on the jury's verdict reached on 4/13/2018 and the prior dismissal of claims, as follows: Judgment is entered in favor of defendant Arthur Funk and against plaintiff Lamont Hall on Count 1 of the amended complaint; in favor of defendants Arthur Funk and Wexford Health Sources, Inc. and against plaintiff on Count 5 of the amended complaint; and in favor of plaintiff Lamont Hall and against defendant Wexford Health Sources, Inc. on count 3 of the amended complaint, awarding plaintiff Lamont Hall compensatory damages of $125,000 and punitive damages of $300,000 against defendant |

| | | |
|---|---|---|
| | | Wexford Health Sources, Inc. Counts 2 and 4 of the amended complaint are voluntarily dismissed with prejudice. Mailed notice. (pjg, ) (Entered: 04/16/2018) |
| 04/16/2018 | 211 | ENTERED JUDGMENT on 4/16/2018. Civil case terminated. Mailed notice. (pjg, ) (Entered: 04/16/2018) |
| 04/17/2018 | 212 | MINUTE entry before the Honorable Matthew F. Kennelly: The case is set for a status hearing on 4/20/2018 at 9:30 AM. Lead counsel are requested to appear. (mk) (Entered: 04/17/2018) |
| 04/20/2018 | 216 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing held on 4/20/2018. Settlement conference set for 5/4/2018 at 11:00 a.m. Decision maker for Wexford and insurance representatives are to be present. Deadline for post-trial motions is 5/14/2018. Mailed notice. (pjg, ) (Entered: 04/24/2018) |
| 04/20/2018 | 🔒 🔒 217 | WRIT issued to Warden of Dixon Correctional Center for Lamont Hall on 5/4/2018 at 11:00 a.m. (pjg, ) (Entered: 04/24/2018) |
| 05/04/2018 | 218 | MINUTE entry before the Honorable Matthew F. Kennelly: Settlement conference held with plaintiff participating by video conference and defendants' representatives participating in person. Settlement does not appear to be possible at this time. Counsel are to confer to attempt to agree on a schedule for submitting and briefing plaintiff's anticipated petition for fees and costs and are to provide a proposed schedule to Judge Kennelly's courtroom deputy clerk promptly. (mk) (Entered: 05/04/2018) |
| 05/08/2018 | 219 | MINUTE entry before the Honorable Matthew F. Kennelly: By agreement of the parties, the following schedule is set: Plaintiffs are to provide LR 54.3(d)(1)-(3) information by 6/15/18; defendants by 7/23/2018. Plaintiffs have until 8/6/2018 to provide draft joint statement; defendants have until 8/13/2018. Plaintiff's motion for fees and costs due by 8/20/2018; defendant's response by 9/3/2018; plaintiff's reply by 9/17/2018. Mailed notice. (pjg, ) (Entered: 05/08/2018) |
| 05/14/2018 | 220 | MOTION by Defendant Wexford Health Sourcefor judgment not withstanding the verdict *or in the alternative*, MOTION by Defendant Wexford Health Source for new trial (Attachments: # 1 Exhibit A (Trial Trans. Vol. I), # 2 Exhibit B (Trial Trans. Vol. II), # 3 Exhibit C (Trial Trans. Vol. III), # 4 Exhibit D (Trial Trans. Vol. IV), # 5 Exhibit E (Trial Trans. Vol. V), # 6 Exhibit F (Hall Dep.), # 7 Exhibit G (Hall IDOC Inmate Record), # 8 Exhibit H (Dr. Devore Dep.))(Skarpiak, Chad) (Entered: 05/14/2018) |
| 05/14/2018 | 221 | NOTICE of Motion by Chad Michael Skarpiak for presentment of motion for judgment not withstanding the verdict,,, motion for new trial,, 220 before Honorable Matthew F. Kennelly on 5/17/2018 at 09:30 AM. (Skarpiak, Chad) (Entered: 05/14/2018) |

| | | |
|---|---|---|
| 05/17/2018 | 222 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held on 5/17/2018. Response to motion for judgment not withstanding the verdict / motion for new trial 220 due by 6/14/2018; replies due by 6/28/2018. Mailed notice. (pjg, ) (Entered: 05/17/2018) |
| 05/24/2018 | 223 | MOTION by Attorney Thomas Kayes to withdraw as attorney for Lamont Hall. No party information provided (Kayes, Thomas) (Entered: 05/24/2018) |
| 05/24/2018 | 224 | NOTICE of Motion by Thomas Kayes for presentment of motion to withdraw as attorney 223 before Honorable Matthew F. Kennelly on 5/31/2018 at 09:30 AM. (Kayes, Thomas) (Entered: 05/24/2018) |
| 05/30/2018 | 225 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's motion to withdraw the appearance of attorney Thomas Kayes is granted. The Court thanks Mr. Kayes for his outstanding service, along with his colleagues, as appointed counsel for plaintiff Lamont Hall. (mk) (Entered: 05/30/2018) |
| 06/14/2018 | 226 | RESPONSE by Lamont Hall in Opposition to MOTION by Defendant Wexford Health Source for judgment not withstanding the verdict *or in the alternative* MOTION by Defendant Wexford Health Source for new trial 220 (Attachments: # 1 Exhibit 1)(Leff, Alison) (Entered: 06/14/2018) |
| 06/28/2018 | 227 | REPLY by Arthur Funk, M.D., Wexford Health Source to response in opposition to motion, 226 (Skarpiak, Chad) (Entered: 06/28/2018) |
| 08/20/2018 | 228 | MOTION by Plaintiff Lamont Hall for attorney fees (Attachments: # 1 Exhibit A)(Fogarty, Joshua) (Entered: 08/20/2018) |
| 08/20/2018 | 229 | MOTION by Plaintiff Lamont Hall for bill of costs (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Exhibit Ex C, # 4 Exhibit Ex D, # 5 Exhibit Ex E)(Leff, Alison) (Entered: 08/20/2018) |
| 09/04/2018 | 230 | RESPONSE by Defendant Wexford Health Source to motion for bill of costs 229 , motion for attorney fees 228 (Skarpiak, Chad) (Entered: 09/04/2018) |
| 09/14/2018 | 231 | RESPONSE by Plaintiff Lamont Hall to Response 230 (Attachments: # 1 Exhibit 1)(Fogarty, Joshua) (Entered: 09/14/2018) |
| 11/02/2018 | 232 | NOTICE by Alison R Leff of Change of Address (Leff, Alison) (Entered: 11/02/2018) |
| 01/04/2019 | 233 | NOTICE by Jack R. Bierig of Change of Address (Bierig, Jack) (Entered: 01/04/2019) |
| 03/18/2019 | 234 | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 3/18/2019: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court denies defendant Wexfords motion for judgment as a matter of law or a new trial [dkt. no. 220]. The Court grants plaintiff's motion for attorney's fees of $531,250 and also awards plaintiff costs in the amount of $20,508.05 [dkt. |

| | | |
|---|---|---|
| | | nos. 228, 229]. (mk) (Entered: 03/18/2019) |
| 04/15/2019 | 235 | NOTICE of appeal by Wexford Health Source regarding orders 234 , 211 Filing fee $ 505, receipt number 0752-15715428. Receipt number: n (Skarpiak, Chad) (Entered: 04/15/2019) |
| 04/15/2019 | 236 | DOCKETING Statement by Wexford Health Source regarding notice of appeal 235 (Skarpiak, Chad) (Entered: 04/15/2019) |
| 04/15/2019 | 237 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 235 (ek, ) (Entered: 04/15/2019) |